# Nickerson *v.* The State.

*Violating Prohibition Law.*

(Decided November 26, 1912. 60 South. 446.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where subsequent evidence showed that both the state's witnesses were describing the same place in a different way, it was not error to refuse to exclude the testimony of one of the witnesses on the ground that such testimony fixed the place of the commission of the crime differently from that fixed by the evidence of the other witness.

2. *Same.*—Where a witness is subsequently permitted to testify fully and without objection to the matter objected to formerly, any error in excluding the evidence was rendered harmless.

3. *Intoxicating Liquors; Evidence.*—Where the prosecution was for violating the prohibition law, and it was not shown that the witness inquired about was with the defendant the night before the offense, or on the night of the offense, evidence as to the whereabouts of such witness at those times or whether he was at the still or had been there the night before was irrelevant and immaterial.

4. *Witnesses; Examination; Bias.*—It was competent to show that there was a similar prosecution for operating the same still at the same time and place defendant was charged with operating it against the witness, as tending to show bias or prejudice affecting the witness's credibility.

5. *Trial; Objections to Evidence; Time.*—Where a question is merely an affirmation in an interrogatory form of the fact the witness had already stated without objection, an objection to such statement came too late, but should have been interposed when the testimony was first offered.

6. *Same; Specifying Objections.*—Where no grounds of objection to evidence is stated, the objection is properly overruled.

7. *Evidence; Self-Serving Declarations.*—Where it was sought to be shown that the witness's brother, a person other than the defendant requested witness to go anywhere that morning, an objection was properly sustained as the evidence was self-serving and immaterial.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Douglass Nickerson was convicted of violating the prohibition law, and he appeals. ·Affirmed.

JAMES W. STROTHER, for appellant. No brief reached the Reporter.

R. C. ‹BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State. The court was not in error in overruling the question asked Graham as it called for his uncommunicated motive or intention.—*Weaver v. The State,* 1 Ala. App. 48, and cases cited. It was competent to show that a similar charge for a similar offense was pending against the witness.—*Wilkerson v. The State,* 140 Ala. 165. The question as to where the witness's brother asked him to go was entirely immaterial.—*Ferguson v. The State,* 134 Ala. 63.

THOMAS, J.—There was no injury in overruling defendant's motion to exclude the testimony of state's witness J. H. Linch, on the ground that his testimony fixed the commission of the offense at a different place from that fixed by the state's witness Washburn, previously introduced. The subsequent testimony showed beyond cavil that each witness was describing in a different way the same place.

There was no error in refusing to permit the defendant's witness Graham to state why he, the witness, went down to the still the morning defendant was arrested, or how he, the witness, came to be there.—*Weaver v. State,* 1 Ala. App. 49, 55 South. 956. We cannot see how it is or could possibly be material to any issue in the case. Besides, even if there was error in not per-

mitting the witness to answer at that time, it was certainly abundantly cured later on, for subsequently he testified on the subject fully, without objection from the state, explaining how and why he came to be at the still that morning.

The reasons why Boon, a third party, could not go to the still, were clearly immaterial, and properly not allowed to be proved by defendant.

It was likewise not relevant to show where the witness Graham was the night before the offense, or whether he, the witness, was at the still or had been there the night before. The witness was not on trial, and was not shown to have been with defendant the night before. Besides, if there was error in not permitting the testimony, the record affirmatively shows there was no injury, because the witness did later on in his testimony, and without objection, state where he was the night before and that he was not at the still.

The witness Graham, introduced and examined by the defendant, was on cross-examination and against objection asked by the solicitor if there was not a similar case against him, the witness, then pending for operating the same still and at the same time and place the defendant was charged with operating it. The witness was required, over objection and exception, to answer the question, which he did affirmatively. This was not error, as the fact elicited tended to show bias or interest in defendant's case, affecting the credibility of the witness.—*Wilkerson v. State,* 140 Ala. 167, 37 South. 265.

The defendant's witness Jim Boon testified on cross-examination without objection that he did not testify on the trial of the case before the justice of the peace at all, but that at the time of that trial defendant knew witness would swear what he had sworn on this trial.

Then counsel for the state asked : "And yet you did not testify this [referring to what witness had testified to on this trial] at that time?" To this question counsel for defense objected, which was overruled. The question amounted to no more than an affirmation by the solicitor in an interrogative form of a fact that the witness had already stated without objection. If there was any merit in the objection, it came too late, for the evidence was already in before the question was asked.

Besides, no grounds of objection were specified, if any meritorious ones existed, and the lower court properly overruled in this case the objection.—*Gunter v. State,* 111 Ala. 28, 20 South. 632, 56 Am. St. Rep. 17; *Washington v. State,* 106 Ala. 61, 17 South. 546.

There was certainly no error in not permitting the defendant's witness Jim Boon to state whether or not the witness' brother, a third party, and not defendant, "requested witness to go anywhere that morning." It sought to elicit matters that were entirely immaterial and irrelevant to any issue in the case, and were self-serving.—*Ferguson v. State,* 134 Ala. 70, 32 South. 760, 92 Am. St. Rep. 17.

We find no error in the record, and the case is affirmed.

Affirmed.