# English *v.* The State.

## Larceny.

(Decided June 6, 1916. 72 South. 292.)

1. **Appeal and Error; Review; Reservation of Ground.**—The trial court will not be put in error on its rulings on evidence to which only a general objection was interposed unless the question on its face called for illegal evidence.

2. **Larceny; Evidence; Competency.**—Where the prosecution was for larceny, and it had been previously shown that the home of a state witness was near the scene of the crime, evidence as to whether defendant had been at the witness's house about a certain time, was competent.

3. **Evidnce; Accomplices; Corroboration.**—While the corroborative testimony must tend to connect defendant with the commission of the crime, it need not necessarily refer to any statement or fact testified to by the accomplice.

4. **Larceny; Jury Question.**—Under the corroborated evidence of accomplices in this case, the question of defendant's guilt or innocence of the larceny of a cow, was for the jury.

5. **Same; Accomplices; Corroboration.**—If the testimony of a state's witness tended to prove the truth of material features of the narrative of the defendant's two accomplices, this was corroborative of the testimony of said accomplices within the provisions of § 7897, Code 1907.

6. **Same.**—Evidence tending to show that defendant sought to have one of the state's witnesses, one of his accomplices, help him out of his trouble was competent corroboration of the accomplice.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Eugene English was convicted of the larceny of a cow and he appeals. Affirmed.

BONNER & MILLER, for appellant.  W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—Appellant was indicted for the larceny of a cow.  The state, to make out a case against the defendant, relied largely upon the testimony of accomplices, who related the details going to show the commission of the offense and the defendant's guilty participation.  Dr. Hall, a witness for the the state, testified that about the time of the larceny he had seen the defendant and the two accomplices in the company of one another near the scene of the crime.  Bob Stewart, Sr., father of one of the accomplices, testified that the defendant was staying at his house during the time of the commission of the offense, and had asked him to talk to his son and get him to help the defendant out of this trouble.  He also testified that defendant and witness' son were close companions, and went together at this time a great deal, and on several nights they were out all night and did not come in at all.

(1, 2)  One of the state's witnesses was asked on his direct examination if the defendant was at witness' house last January or February.  A general objection to this question was overruled by the Court, and the witness answered in the affirmative.  The objection being general, the trial court may not be put in error in its ruling, unless the question on its face calls for illegal evidence.—*Nevers Lbr. Co. v. Fields,* 151 Ala. 370, 44 South. 81; *L. & N. R. R. Co. v. Kay,* 8 Ala. App. 562, 62 South. 1014.  It had been previously shown that witness' home was near the scene of the crime.  This rendered the evidence competent.— *Ross v. State,* 74 Ala. 536.

(3-6)  The only other question presented is the primal one, to-wit:  Was there, independent of the testimony of the accomplices, sufficient corroborative evidence connecting the defendant with the commission of the offense to submit the case to the jury?  Our courts have time and again held that, while the corroborative testimony must tend to connect the defendant with the commission of the offense, it need not refer to any statement or fact testified to by the accomplice.—*Ross v. State,* 74 Ala. 536; *Burney v. State,* 87 Ala. 81, 6 South. 391; *Malachi v. State,* 89 Ala. 140, 8 South. 104; *Newsum v. State,* 10 Ala. App. 129, 65 South. 87.  There was evidence tending to show defendant's

[Barefield v. The State.]

proximity to the scene of the crime.   This was competent.—*Ross v. State, supra.*   There was evidence tending to show that defendant sought to have one of the witnesses help him out of this trouble.   This was competent.—*Smith v. State,* 183 Ala. 13, 62 South. 864.   We think that the evidence in this case was such as to authorize the submission to the jury of the question of appellant's guilt or innocence.   The testimony of the state witnesses, Hall and Stewart, tended to prove the truth of material features of the narrative of the two accomplices, and so was corroborative of their testimony, within the provision of section 7897, Code 1907.—*Newsum v. State, supra.*   This statute has been liberally construed by the Supreme Court with respect to the extent and character of the corroboration required.   See *Malachi v. State,* 89 Ala. 134, 8 South. 104.

Affirmed.