## ELLIOTT v. STATE. (8 Div. 968.)

(Court of Appeals of Alabama. June 12, 1923.)

1. Criminal law ⬷1169(5)—No reversible error from irrelevant questions excluded.

Where, in a prosecution for assault with intent to murder, the court on defendant's objection excluded irrelevant questions intended to show defendant's desire to get the complaining witness out of the way to protect his liquor distilling business, and instructed the jury not to consider it, there was no reversible error.

2. Witnesses ⬷317(2)—Requested instruction as to false testimony held properly refused.

A requested instruction to disregard the entire testimony of the complaining witness if

the jury are satisfied that he testified falsely as to any material fact was properly refused, since to have that effect the testimony must not only have been false, but it must have been willfully and corruptly false.

**3. Criminal law ☞815(10)—Requested charge as to effect of false testimony held properly refused.**

A requested charge that, if the jury do not believe the prosecuting witness had a conversation that he testified to having had, they should discard all his testimony, was properly refused, in that it failed to require that the finding of the jury should be predicated on the evidence.

**4. Criminal law ☞815(9)—Requested charge as to reasonable doubt held properly refused.**

A requested charge that each juror must believe beyond a reasonable doubt that defendant is guilty as charged, or he cannot be convicted, was properly refused as failing to require that the finding of the jury should be predicated on the evidence.

**5. Criminal law ☞811(2)—Requested charge held properly refused as singling out evidence.**

A requested instruction in a prosecution for assault to kill that, "Unless you believe from the evidence beyond a reasonable doubt that defendant conspired with his wife to do violence to [prosecuting witness], then you should acquit him," was properly refused as singling out particular evidence.

**6. Criminal law ☞815(9)—Requested charge as to reasonable doubt as to particular fact held properly refused.**

In a prosecution for assault to kill, a requested charge that, unless the jury believed from the evidence beyond a reasonable doubt that defendant conspired with his wife to do violence to the prosecuting witness, then they should acquit defendant, was properly refused, as a conviction might be had without the proof mentioned in the instruction.

**7. Criminal law ☞721½(2)—Argument on defendant's failure to produce witness held improper.**

In a prosecution for assault with intent to kill, argument by counsel for the state to the effect that defendant did not produce as a witness a person who was injured in the face by the same shot which struck the prosecuting witness was improper where the person referred to was in the courtroom during the trial, and was equally accessible to both parties.

**8. Criminal law ☞719(1)—Argument of counsel for state held improper as not based on the evidence.**

In a prosecution for assault with intent to kill, a statement by counsel for the state in argument that defendant did not put on the stand a person who was injured in the face by the same shot which struck the prosecuting witness was improper as the statement of a fact which was not in evidence.

**9. Criminal law ☞719(1)—Argument of counsel for state held improper as not based on the evidence.**

In a prosecution for assault with intent to kill, a statement by counsel for the state that "the mother of a certain boy would not put him on the stand, and he is here in the courthouse," was improper as the statement of a fact not in evidence, and for the further reason that the mother of the boy had nothing to do with the conduct of the trial, and was simply a witness in the case.

**10. Criminal law ☞317—Argument as to defendant's failure to produce witness held improper as seeking to indulge presumption.**

In a prosecution for assault with intent to kill, a statement by counsel for the state in argument that a third person was struck by the shot that injured the prosecuting witness, and knew facts in support of the state's theory, and that defendant had kept him off the stand, was prejudicial to defendant, as seeking to have the jury indulge a presumption against defendant because he had not called such third person as a witness; no such presumption being raised by the law.

**11. Criminal law ☞728(5)—Improper argument not open to review in absence of motion to exclude.**

A mere objection or exception to improper argument by counsel for the state is not sufficient to present the question on appeal in the absence of a motion to exclude the improper remarks.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Matt Elliott was convicted of assault, and he appeals from the judgment and order refusing a new trial. Affirmed.

The following charges were refused to defendant:

"(1) If you are satisfied from all the evidence that Charley McAlpine testified falsely to any material fact, then you can, in your discretion, disregard his whole testimony.

"(2) I charge you, gentlemen of the jury, that, if you do not believe that Charley McAlpine had the conversation at the 'new ground' with Mrs. Elliott that he testified to having had, then you may discard all that Charley McAlpine testified.

"(3) Unless you believe from the evidence beyond a reasonable doubt that defendant conspired with his wife to do violence to Chas. McAlpine, then you should acquit him.

"(4) Gentlemen of the jury, I charge you that each and every juror must believe beyond a reasonable doubt that the defendant is guilty as charged in the indictment or he cannot be convicted."

Proctor & Snodgrass, of Scottsboro, for appellant.

It was error to overrule objections to the argument of the solicitor. 16 C. J. 541; Norman v. State, 13 Ala. App. 337, 69 South.

---

362; Hammock v. State, 7 Ala. App. 112, 61 South. 471; James v. State, 170 Ala. 72, 54 South. 494; Jackson v. State, 193 Ala. 36, 69 South. 130. A charge which singles out a part of the evidence is not bad unless it calls for an acquittal. Pollard v. State, 193 Ala. 32, 69 South. 425. The concurrence of all the jurors is essential to a verdict. Carter v. State, 103 Ala. 93, 15 South. 893; Morrison v. Clark, 196 Ala. 670, 72 South. 305; Goldsmith v. State, 105 Ala. 8, 16 South. 933; Phillips v. State, 162 Ala. 53, 50 South. 326; Whittle v. State, 205 Ala. 638, 89 South. 48.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No motion being made to exclude the argument of the solicitor, nothing is presented for review. Boyett v. State. 18 Ala. App. 363, 92 South. 515; Lambert v. State, 208 Ala. 42, 93 South. 708. Charge 1 was correctly refused; it does not use the word "willfully" or "corruptly" with the word "falsely." Robinson v. State, 18 Ala. App. 612, 93 South. 262. Charges 2 and 4 are faulty in not requiring the finding of the jury to be based on the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179.

FOSTER, J. The defendant, appellant. was indicted and tried for assault with intent to murder, and was convicted of a simple assault, and fined $300.

The evidence for the state tended to show that about 7 o'clock in the evening of January 22, 1921, the prosecuting witness, Charley McAlpine, went to the home of the defendant in response to an invitation from defendant's wife to come over to her house in order that she might tell him about some threatened harm to him; that he went to the back porch, where he saw Mrs. Elliott; that he stepped on the porch, she opened the screen door, and invited him in; that she stepped back into the cook room, and he saw her arm raised, and that a pistol fired in his face, the ball striking his right cheek; that he turned around at the screen door, and a shotgun was fired at him from the same door, hitting him in the back and knocking him down; that several shots were fired at him, and that he fired his pistol several times in the air and ran away.

The evidence for the defendant tended to show that Mrs. Elliott had not invited McAlpine to her house; that he came up on the back porch, entering through a screen door; that she was in the doorway of the kitchen; that he grabbed her around the neck, and pulled her to him; that she screamed, and the defendant, her husband, hearing her screams, jumped from the bed in his room where he was lying, got a shotgun, which was under the bed, and ran to the back part of the house. where he heard his wife's screams, and shot a fleeing figure (the prosecuting witness) as he was going out the screen door of the porch; that it was dark, and defendant did not know whom he shot, and that prosecuting witness fired a pistol several times at defendant; that defendant fired only one shot, and went back into his room for more ammunition, but the prosecuting witness went away around the back end of the house. The evidence showed that Mrs. Elliott was a woman of good character.

[1] During the direct examination of the state's witness (McAlpine) a number of questions were propounded to the witness over the timely objection of defendant for the purpose of developing the state's theory that the defendant desired to get McAlpine out of the way because the defendant was engaged in distilling prohibited liquors, and was afraid McAlpine would interfere with his operations. When it appeared that the testimony was not relevant the trial court excluded it, and stated to the jury, in substance, that they should not consider it. The trial court did all it was required to do when it excluded the evidence and instructed the jury it was not sufficient to go to the jury. There is no merit in the exceptions reserved to the evidence.

[2] Charge No. 1 was properly refused. It was not enough that witness swore "falsely"; the testimony must have been willfully or corruptly false. Robinson v. State, 18 Ala. App. 612, 93 South. 262.

[3, 4] Charges 2 and 4 were faulty in that they do not require the finding of the jury to be predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179.

[5, 6] Charge No. 3 was properly refused. It singled out the evidence, and the jury might convict the defendant even though the evidence did not convince them beyond a reasonable doubt that there was a conspiracy between defendant and his wife to do violence to McAlpine.

[7, 8] Defendant excepted to the argument of counsel for the state as follows:

"He [meaning the defendant] would not show you Ed Elliott's face, although he was in the room there."

This was improper argument. The witness, if in the room, was equally accessible to both parties, and the state had the same right the defendant had to call him as a witness. Furthermore, this argument was the statement of a fact which was not in evidence.

[9] The argument of counsel for the state that "the mother of the boy would not put him on the stand, and he is here in the courthouse, too," was improper. The mother of the boy had nothing to do with the conduct of the trial, and was simply a witness in the case. There is no evidence that the boy was in the courthouse. 16 Corpus Juris, § 1023, p. 541; Norman v. State, 13 Ala. App. 337, 69 South. 362.

[10] The argument of counsel for the state in the presence of the jury that Ed Elliott

got shot himself, and knew facts in line with the state's theory of the case, if he would tell the truth, and the defendant "won't let you see the front side of his face," and has kept him off the stand, was prejudicial to defendant. It was a statement of fact not in evidence, and the purpose of the argument as stated by counsel for the state was to have the jury indulge a presumption against the defendant because he had not called Ed Elliott as a witness. The law does not indulge such a presumption under such circumstances. Jackson v. State, 193 Ala. 36, 69 South. 130; Brock v. State, 123 Ala. 24, 26 South. 329; Bates v. Morris, 101 Ala. 282, 13 South. 138.

No unfavorable inference can be drawn, and no unfavorable argument to a jury is permissible by counsel against a defendant in a criminal case, because of his failure to call a witness who is accessible to both the state and the defendant, and may be called by either to testify. Forman v. State, 190 Ala. 22, 67 South. 583; Mann v. State, 134 Ala. 1, 32 South. 704.

[11] In each of the instances noted above objection or exception was taken, but there was no motion to exclude. Since such motion was not made the questions are not presented in such form, as that they can be here reviewed. Boyett v. State, 18 Ala. App. 363, 92 South. 515; Lambert v. State, 208 Ala. 42, 93 South. 708.

The motion for a new trial does not contain the exceptions to the portions of argument of counsel to which objection was taken. There was no error in the refusal of the court to grant the motion for a new trial. The judgment of the Circuit Court is affirmed.

Affirmed.