(97 South. 376)
## HOLLOWAY v. STATE. (4 Div. 812.)

(Court of Appeals of Alabama. July 26, 1923.)

1. Criminal law ⬳1043(2)—Admission of evidence not clearly bad not reviewable where grounds of objection not specified.

Objections to evidence which is not patently or palpably irrelevant or illegal, not specifying the grounds of objection, present no reviewable question.

2. Criminal law ⬳693—Objections to evidence must be made prior to answer if answer is responsive.

In a criminal prosecution, where a question is propounded and the answer is responsive, objection after answer comes too late; it should be made when the question is asked.

3. Criminal law ⬳720(8)—State's attorney's references to coindictee where one only on trial held legitimate.

In a prosecution under Code 1907, § 7342, constituting removal or sale of personal property subject to lien, larceny, argument of state's counsel using the word "they" in reference to the removal, only one of the two defendants indicted being on trial, held legitimate, since "every fact which the testimony tends to prove

and every inference counsel may think arises out of the evidence" he may criticize and discuss.

**4. Criminal law ☞721½(2)—State's attorney arguing that defendant must produce books if he wants them held legitimate.**

In a prosecution under Code 1907, § 7342, constituting removal or sale of personal property subject to lien larceny, argument of state's attorney that defendant must produce the books if he wants them is legitimate.

**5. Criminal law ☞1037(2)—Failure to move to exclude objectionable argument held waiver.**

In a criminal case, failure to move to exclude objectionable portions of the state's attorney's argument prevents review.

**6. Criminal law ☞753(2)—Affirmative charge properly denied under conflicting evidence.**

In a criminal case, under conflicting evidence the court properly refuses to give the affirmative charge for defendant.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Jim Holloway was convicted of selling or removing property subject to lien, and appeals. Affirmed.

Guy W. Winn, of Clayton, and McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for error in the rulings on the trial, but without citation of authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

An objection to a responsive answer comes too late. Hudson v. State, 137 Ala. 60, 34 South. 854.

FOSTER, J. The indictment charged that—

"Jim Holloway and Will Holloway, with the purpose to hinder, delay, or defraud Will Butts, who had a lawful and valid claim thereto, under a written instrument, lien created by law for rent or advances, or other lawful or valid claim, verbal or written, did sell or remove personal property consisting of one bale of cotton of the value of $150, the said Jim Holloway and Will Holloway having at the time a knowledge of the existence of such claims," etc.

Section 7342, Code 1907, makes this offense punishable as larceny.

The defendant, Jim Holloway, was convicted and sentenced to the penitentiary for a term of not less than 15 nor more than 20 months. The evidence for the state tended to show that the defendant was a tenant on the place of W. R. Butts; that defendant raised 6 bales of cotton on the Butts place, 3 of which belonged to Butts for rent; that Butts got 2 additional bales, making 5 in all, and that the defendant removed from the premises in the nighttime a bale of cotton upon which Butts had a landlord's lien.

Butts, the landlord, made advances to the defendant, the tenant, to make the crop, and defendant owed Butts for such advances about $600. The defendant claimed that the bale of cotton which he removed from the place belonged to his mother, and that Butts had no lien thereon.

[1] Several objections were interposed to the evidence, but no specific grounds of objection were assigned, and the evidence was not patently or palpably irrelevant or illegal; hence no question is presented for review by this court. Washington v. State, 106 Ala. 58, 17 South. 546; Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; Nickerson v. State, 6 Ala. App. 27, 60 South. 446; Key v. State, 4 Ala. App. 76, 58 South. 946; McClellan v. State, 117 Ala. 140, 23 South. 653; Thomas v. State, 139 Ala. 80, 36 South. 734; Waters v. State, 117 Ala. 108, 22 South. 490; Brooks v. State, 146 Ala. 153, 41 South. 156.

[2] The witness Butts, after testifying that defendant owed him about $600, further testified on cross-examination that he kept an account against the defendant, and that it was at home. The defendant's counsel then insisted that the "witness furnish the book in question on the ground that it is the best evidence." The court declined to grant the motion of defendant to require the witness to go home and bring the book into court. Defendant excepted to the action of the court, and then moved that all evidence with reference to any item of indebtedness as between the witness and the defendant be excluded, which motion the court overruled. Where a question is propounded and the answer is responsive, objection after answer comes too late. It should have been made when the question was asked. Downey v. State, 115 Ala. 108, 22 South. 479.

In Hudson et al. v. State, 137 Ala. 60, 34 South. 854, our Supreme Court held:

On a trial for robbery, "where the party alleged to have been robbed testified, on his direct examination, to the exact amount of money of which he had been robbed, further testifying that the money was taken from his person and also from his cash drawer in his presence, the further statement of such witness on his cross-examination that he could not state the exact amount of money taken from his cash drawer, but he learned it from an examination of his sale book, is not subject to objection on the ground that the book was the best evidence of the amount taken."

The objection on the ground that the book was the best evidence was not available, and the court did not err in overruling it.

[3] Defendant's counsel moved the court to exclude the following portion of the argument of counsel for the state:

"If the jury believe from the evidence that 'they' took the cotton 'they' are guilty."

·One defendant only was on trial; but the solicitor did not transcend the bounds of legitimate argument in referring to both of the persons indicted, as "every fact which the testimony tends to prove and every inference counsel may think arises out of the testimony is legitimate subject of criticism and discussion." Jones v. State, 136 Ala. 118, 34 South. 236; Cross v. State, 68 Ala. 476; Lide v. State, 133 Ala. 43, 31 South. 953.

[4, 5] Counsel for defendant also objected to the argument of the solicitor for the state that "the responsibility rests upon the defendant to have the books produced if he wants them."· This was legitimate argument. However, the defendant made no .motion to exclude this portion of the argument, and for that reason the question is not properly presented for review here. Boyett v. State, 18 Ala. App. 363, 92 South. 515; Lambert v. State, 208 Ala. 42, 93 South. 708.

[6] There was a conflict in the evidence, and the court properly refused the affirmative charge for the defendant.

The record is free from error, and the judgment of the circuit court is affirmed.

Affirmed.