**HOWARD et al. v. STATE. (4 Div. 788.)**

(Court of Appeals of Alabama. July 26, 1923.)

**1. Criminal law ⚖═517(3)—Confession admissible after proper predicate, establishing that it was voluntarily made.**

A confession of accused is admissible, after a proper predicate has been laid showing that it was voluntary.

**2. Criminal law ⚖═364(2)—Statements by defendant, when borrowing wagon in which stolen cotton seed was hauled, held inadmissible.**

In a prosecution for larceny of cotton seed, testimony establishing that one of defendants at the time of borrowing a wagon in which the seed had apparently been hauled, stated that he wanted it to haul potatoes, or for another defendant to haul potatoes, held inadmissible, as not within the rule that what a person says on setting out on a journey explanatory of his object is part of the res gestæ, and admissible.

**3. Witnesses ⚖═414(2)—Defendant cannot be corroborated by showing his own acts or declarations.**

Defendant cannot be corroborated or fortified by showing his own acts or declarations.

**·4. Criminal law ⚖═1043(2)—Admission of evidence, not patently or palpably illegal or irrelevant, not reviewable, where specific grounds of objection unstated.**

Where no specific grounds of objection to questions asked are stated, and where the evidence sought to be adduced is not patently and palpably illegal or irrelevant, the matter is not reviewable.

**5. Criminal law ⚖═753(2)—Where evidence in conflict and sufficient to support conviction, affirmative charge for defendant properly denied.**

Where the evidence is in conflict and is sufficient to justify a conviction, the general affirmative charge for defendants is properly denied.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

McKinley Howard and Crawford Harmon were convicted of grand larceny, and appeal. Affirmed.

J. D. Whittaker, a witness for the state, testified:

That defendant Harmon made a statement to him about the larceny. That "there was no one in my presence but Mr. Williams.. Mr. Williams nor myself offered him any reward, made any threats, held out any inducements, or tell him it was better for him, anything like that, to get him to make a statement."

This witness further testified to statements or confessions made by defendant Howard; that no one present told him it would be better for him, offered any reward, made any threats, or offered any inducement to him to make the statement.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State. ·

Counsel discuss the rulings, but without citing authorities.

FOSTER, J. The defendants were convicted of grand larceny.

The evidence for the state tended to show that about 800 pounds of seed cotton of the value of $50 was stolen from the cotton house of J. D. Whittaker, some planks on the house were torn off, and the cotton removed.

A wagon was traced from the cotton house to the home of the defendant Crawford Harmon, where the other defendant, McKinley Howard, was found. The track of the mule drawing the wagon was a round track, the tracks of the wheels indicated that they were wrapped with wire, and the rear wheels of the wagon found at said defendant's house were wrapped with wire, and the mule belonging to the defendant Crawford Harmon had a kind of a round foot. There was some cotton in the wagon body. There was cotton in Crawford Harmon's house and in his cotton house.

[1] There was testimony of confessions by the defendants. The defendants denied taking the cotton and claimed that the confessions were not voluntary. Proper predicate was laid to show that the confessions of the defendants were voluntary and they were properly admitted in evidence. McQueen v.

---

State, 94 Ala. 50, 10 South. 433; Fuller v. State, 117 Ala. 36, 23 South. 688.

[2] It was not permissible for the witness Roundtree to testify that one of the defendants, at the time he borrowed the wagon in which the stolen cotton seed was alleged to have been hauled, stated that he wanted the wagon to haul potatoes, or for another defendant to haul potatoes. The evidence clearly does not come within the rule that what a person says on setting out on a journey or to go to a particular place, explanatory of the object he has in view in so setting out, in res gestæ evidence and may be proven. Harris v. State, 96 Ala. 24, 11 South. 255; Campbell v. State, 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17: Maddox v. State, 159 Ala. 53, 48 South. 689. The reason for the rule laid down is to permit a defendant to show the object or purpose he had in going to the place where the crime was committed, as bearing upon his motive, intent or acts.

Our Supreme Court, in the recent case of Hill v. State, 210 Ala. 221, 97 South. 639, declared:

"It was not competent for defendant's witness Wingo, who testified that he met Ed Hill, one of the alleged conspirators, on the morning of the murder between daylight and sunup, to further testify that Ed Hill then said he was going to Creektown and to the mill. * * * It clearly does not come within the rule that the concurrent declarations of one setting out on a journey, explanatory of the object he has in view, may be shown as part of the res gestæ."

[3] The sole effect of the evidence offered was to corroborate or fortify the testimony of one of the defendants by showing his declarations or acts. This is not permissible. Pope v. State, 168 Ala. 33, 53 South. 292; 12 Michie's Dig. p. 1321, par. 321.

[4] No specific grounds of objection to the other questions to which exception was reserved were pointed out; the evidence sought was not patently and palpably illegal or irrelevant, hence no question is presented for review here. Washington v. State, 106 Ala. 58, 17 South. 546; Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; Nickerson v. State, 6 Ala. App. 27, 60 South. 446; McClellan v. State, 117 Ala. 140, 23 South. 653; Brooks v. State, 146 Ala. 153, 41 South. 156; English v. State, 14 Ala. App. 636, 72 South. 292.

[5] The court properly refused the affirmative charge requested by the defendants. There was a conflict in the evidence, and there was ample evidence to justify a conviction.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.