29 So.2d 422

### BURCH v. STATE.
#### 4 Div. 909.

Court of Appeals of Alabama.
Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

A. L. Patterson, of Phenix City, for appellant.

530

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction as charged in the first count of the indictment, this appeal was taken. Said count 1 charged defendant with the offense of distilling, making or manufacturing alcoholic, spirituous, malted or mixed liquors or beverages, contrary to law.

Upon the trial of this case in the court below, the State examined two witnesses whose testimony tended to prove the material allegations of the first count of the indictment.

The defendant, in testifying in his own behalf, strenuously denied that he had anything to do with and took no part in the operation of the still and that at no time had he committed the acts charged against him in the first count of the indictment, supra. He claimed, and so testified, that he had informed the Sheriff of Russell County of the location of the still and that he was expecting him to come down and take the still in question. He also testified he had on a former occasion carried the Sheriff down there and pointed out to him the location of the still.

This conflict in the testimony, of course, made a question of fact for the jury to determine. On cross examination defendant testified that he had formerly been Sheriff of the county, and prior to that, he had been a Deputy Sheriff, and also he had held other public offices in the county, including the office of Tax Collector.

Defendant offered eight witnesses, viz.: A. L. Gullatt, City Commissioner of Phenix City; G. Berry Pittman, Tax Assessor of Russell County; Jeff W. Smith; George Matthews; Andrew Pitts, a former Commissioner of Russell County; Ike Burt; Ed Burt and C. B. Gullatt, Jr., present Judge of Probate of said county, all of whom testified that defendant was a man of good character. The testimony as to the good character of defendant was without dispute or conflict.

Several exceptions were reserved to the rulings of the court upon the admission and rejection of the evidence. Each of said exceptions has been examined and considered by this court. We are of the opinion that no ruling of the court in this connection was error. We cannot see how the substantial rights of the defendant were adversely affected or impaired by the rulings complained of.

It clearly appears that the principal insistence of error, in order to effect a reversal of the judgment of conviction, is predicated upon the ruling of the trial court in overruling the strenuous objection and exception of defendant to the argument of the solicitor in addressing the jury wherein he stated: "Counsel for the defendant are trying to make monkeys out of this jury, and they are laughing up their sleeves at you."

It cleary appears that the above quoted statement by the solicitor was wholly unwarranted as not being based upon any fact, incident, or testimony, in the case. Its effect necessarily was harmful and prejudicial. The statement cast opprobrium upon the three reputable members of the bar who were, as the law requires, defending their client to the best of their ability, and in an orderly manner, and tended to place them and their client in a very unfavorable light before the jury. This of itself would necessitate a reversal of the judgment of conviction.

The office of solicitor is of the highest importance; he is the representative of the state, and as a result of the important

functions devolving upon him as such officer necessarily holds and wields great power and influence, and as a consequence erroneous insistences and prejudicial conduct upon his part tend to unduly prejudice and bias the jury against the defendant.

■ Certainly, when the trial court, by its action in overruling the objection interposed, the court manifested its approval of the uttered words and gave its full endorsement thereof as being true. The statement, whether so intended or not, was insulting and otherwise objectionable and the court erred to a reversal in not taking prompt and decisive action to eradicate the statement instead of adding his approval thereof to the effect that such statement in the opinion of the court was true.

In questions of this character the rule is, not that it did so affect the verdict of the jury, but might it have done so.

In Bell v. State, 227 Ala. 254, 257, 149 So. 687, 689, the Supreme Court said:

"The test is, (1) not whether the conduct or misconduct did actually influence the jury or a juror without the rules that obtain and outside of the evidence, but (2) that it must not be such as that it might have done so and so improperly influenced the jury or a juror contrary to law and for other motives than those the evidence afforded and the trial warranted. Roan v. State, supra, [225 Ala. 428, 143 So. 454]; Leith v. State, 206 Ala. 439, 90 So. 687; Ballard v. State, 225 Ala. 202, 142 So. 668; Jones v. State, 21 Ala.App. 33, 104 So. 878; Holladay v. State, 20 Ala.App. 76, 101 So. 86; Weaver v. State, 17 Ala.App. 506, 86 So. 179."

In Taylor v. State, 22 Ala.App. 428, 116 So. 415, 416, the record disclosed the following:

"In the closing argument the solicitor stated:

" 'If we did not have a good case it would not be here, and it would have been nol prossed.'

"Defendant's counsel objected to this remark and statement and moved its exclusion. The court promptly and properly sustained the objection and granted the motion to exclude. Thereupon the solicitor stated to the jury that:

" 'They are laying like vultures to take this case to the Supreme Court.'

"This remark was undignified, highly improper, and had no place upon the trial of this case. It was contumely in all that the word implies and tended to place counsel for defendant in an improper light and disrepute before the jury; this, in the absence of any improper or illegal conduct upon the part of defendant's counsel, who, as shown by the record, were ably and earnestly undertaking to defend their client and to protect him in his legal rights, in accordance with the solemn oath which every attorney at law is required to take before he shall be permitted to practice in this state."

See also Blue v. State, 246 Ala. 73, 19 So.2d 11, 16, 17, and cases cited; Pointer v. State, 24 Ala.App. 23, 129 So. 787; Moore v. State, 30 Ala.App. 552, 9 So.2d 146, and cases cited.

■ In order to sustain the trial court in its ruling, under discussion, the Attorney General insists in brief as follows:

"The trial court did not err in overruling appellant's objection to the argument of the Solicitor as shown on Record.

"The error, if any, has not been properly preserved for review by the Appellate Court. Elliott v. State, 19 Ala.App. 263, 97 So. 115; Earnest v. State, 21 Ala.App. 534, 109 So. 613; Lambert v. State, 208 Ala. 42, 93 So. 708; Holloway v. State, 19 Ala.App. 371, 97 So. 376; Lowery v. State, 21 Ala.App. 352, 108 So. 351."

The insistence being that no motion to exclude the objectionable argument was made, which he insists is necessary to a review. This proposition is sustained by above cited authorities, but all of said cases have been modified on this question, and the correct rule now is merely, "There must be objection in the court below, the objection overruled, and an exception reserved." No motion to exclude is necessary. American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507, 508; and cases cited. In said case the Supreme Court said: "Fact that after objection to counsel's argument was interposed and over-

ruled by court and exception taken thereto, no further motion to exclude remarks of counsel, or to direct jury to disregard them, was made, held not to prevent review on appeal of ruling upon counsel's argument." (15th head note.) Said opinion further states: "We sum up, lest we be misunderstood. There must be objection in the court below, the objection overruled, and an exception reserved." See also Kennamer v. State, 28 Ala.App. 317, 183 So. 892; Waller v. State, 30 Ala.App. 168, 169, 4 So.2d 906; Anderson v. State, 209 Ala. 36, 42, 95 So. 171. Special reference to our case of Hall v. State, 24 Ala.App. 75, 77, 130 So. 531, 533. In said case this court said:

"Appellant insists the court erred in several instances by overruling objections to certain portions of the argument of counsel representing the state. It is true that the objections and exceptions to argument were unaccompanied with a motion to exclude. Innumerable decisions of the Supreme Court, and of this court, have held this to be necessary. Lambert v. State, 208 Ala. 42, 93 So. 708; Malloy v. State, 209 Ala. 219, 96 So. 57; Cagle v. State, 211 Ala. 346, 100 So. 318; Davidson v. State, 211 Ala. 471, 100 So. 641; Boyett v. State, 18 Ala.App. 363, 92 So. 515; Elliott v. State, 19 Ala.App. 263, 97 So. 115 (Hd. note 11); Jenks v. State, 19 Ala.App. 90, 95 So. 266; see other cases Shepards Ala.Citations p. 295 (p. 42-8). However, such is not now the rule. By a recent decision of the Supreme Court, to wit, American Ry. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507, the foregoing decisions have been modified on this point. The present rule as therein expressed is to the effect that, after objection to counsel's argument was interposed and overruled by the court, and exception taken thereto, no further motion to exclude remarks of counsel, or to direct the jury to disregard them, is necessary to a review on appeal. Where an objection to argument has been sustained, it should be followed with motion to exclude and also to instruct the jury to disregard them. The reason therefor is clearly apparent."

A defendant, in a criminal prosecution, is entitled to a fair trial, and by a fair and impartial jury such trial should be free from any appeal to prejudice or other improper motive.

The proposition herein discussed was also made one of the grounds for a motion for a new trial, which was overruled and denied. In this connection the court further emphasized his approval of the hurtful and prejudicial and erroneous statement complained of.

Reversed and remanded.

HARWOOD, J., dissents.