The defendant was convicted of grand larceny and sentenced to seven years' imprisonment. Three issues are presented on appeal
 I A
The defendant argues that the trial court erred in allowing the State to introduce into evidence "mug shots" to bolster the in-court identification of the witness to the crime when the defense had not attacked the photographic lineup
On August 27, 1979, the home of Mr. and Mrs. Hugh Keel, Jr was burglarized by three men. Tammy Morgan, the Keels' next-door neighbor, was the only witness to the crime. She observed the defendant and two other men come from the house carrying a television set which they placed in their car. Ms Morgan testified that she heard the defendant say, "She seen us." *Page 1047 
On cross examination, defense counsel persistently attempted to impeach and discredit Ms. Morgan's identification of the defendant
On redirect examination, the State, over objection, introduced into evidence eight photographs which a police officer exhibited to Ms. Morgan shortly after the incident occurred. Ms. Morgan, at that time, selected the photograph of the defendant as one of the individuals she saw in the Keels' driveway
The defendant argues that the admission of this photographic lineup consisting of "mug shots" was improper because he had not challenged the propriety of that identification procedure and because the "mug shots" allowed the jury to conclude that the defendant had a prior criminal record
Under the facts of this particular case we find no abuse of the discretion of the trial judge in the admission of the photographs. Ms. Morgan's identification of the defendant was a material issue in the case because her testimony was all that connected the defendant to the crime and because the defense was alibi. The evidence of the photographic display was introduced only to rebut the inference raised on cross examination that Ms. Morgan was mistaken. The photographs themselves were not "typical" mug shots and consisted only of a frontal view of each subject. After the trial court had ordered that the bottom portion of each picture be cut off, there was nothing on any of the photographs to indicate that any of the subjects had a criminal record or that any of the photographs were taken by the police or had any connection with any law enforcement agency. What this Court said in Gross v. State,395 So.2d 485 (Ala.Cr.App. 1981) applies here
 "The defendant alleges that reversible error was committed with the admission into evidence of photographs used in a photographic lineup prior to the defendant's arrest
 "A witness may corroborate his in-court identification of the accused by evidence of an earlier out-of-court identification to rebut an inference raised on cross examination that his identification was mistaken or contrived. Carlisle v State, 371 So.2d 975, 977-8 (Ala.Cr.App. 1979). For this reason, we find no error in the action of the trial court in allowing witness Ronald Lee and Sergeant Johnny C. Ferrell to testify that Lee did identify the defendant in a photographic lineup. See McElroy, Section 177.02 (b)
 "At trial, the court admitted into evidence, over the defendant's objections, six photographs which Sergeant Ferrell had exhibited to Mr. Lee shortly after the robbery. One photograph was of the defendant. The photographs were offered in evidence in order to verify the prior out-of-court identification of the defendant which Lee had made and to strengthen and corroborate Lee's testimony and in-court identification. Where the defense is alibi, the identification of the defendant by State's witnesses is a material issue in the case and a photograph of the defendant shown by the police to these witnesses who identified the defendant is admissible in evidence. Carson v. State, 49 Ala. App. 413, 415, 272 So.2d 619 (1973)
 "The photographs in this case cannot be characterized as typical police `mug shots'. Each photograph depicts only a profile view of the suspects; there are no full-face and profile views, side by side. No photograph bears any number or legend on its face Shiflett v. State, 52 Ala. App. 476, 480, 294 So.2d 444 (1973), cert. denied, 292 Ala. 749, 294 So.2d 448
(1974). The pictures in this case are not as offensive as that `rather innocuous' photograph in Williamson v. State, 384 So.2d 1224, 1231
(Ala.Cr.App. 1980), which consisted of merely a frontal view of the defendant standing before a height chart. Apparently, the photographs here involved had been `doctored' in a very unsuggestive manner so that no prejudicial words and numbers appeared on any picture."
* * * * * * *Page 1048 
 "The fundamental reason why `mug shots' of a defendant are inadmissible in a criminal trial is, of course, because they tend to apprise the jury of the fact that the defendant has been in some sort of trouble with the police before, thereby reflecting unfavorably upon the character of the accused. This violates the rule that the prosecution cannot, in its evidence in chief, introduce evidence tending to show the bad character and reputation of the accused for the purpose of inducing belief in his guilt or showing his tendency or disposition to commit the crime with which he is charged, unless the accused first introduces evidence of his good character or reputation. Anno. 30 A.L.R.3d 908 (1970)
 "Clearly, it is error to admit a photograph of the defendant which on its face discloses past incarceration, arrest, or conviction. 30 A.L.R.3d at 914. The prosecutors and trial judges of this state have repeatedly been cautioned against the use of mug shots at trial. Carlisle, 371 So.2d at 978; Holsclaw v. State, 364 So.2d 378, 381 (Ala.Cr.App.), cert denied, 364 So.2d 382 (Ala. 1978). However, we do not consider mere photographs used by the police in apprehending the defendant, as those in this case, to be subject to the same objections as are mug shots, simply because the police had the defendant's photograph in their possession before his arrest or capture. Carson, supra. Mere evidence of the use and possession of the defendant's photograph by the police prior to the defendant's apprehension does not convey to the jury the same offensive and prejudicial connotations which are present in the introduction of a mug shot."
 B
The defendant further argues that the "true error" in the admission of the photographs occurred when the prosecutor, in effect, told the jury during closing argument that the defendant had a criminal record
 "MR. GOMANY (Assistant District Attorney): Sergeant White — you can take common sense back there in the jury room with you about how the police people operate. Here you have a burglary occurring in August, the 27th; several weeks later Sergeant White goes out to talk to Ms. White (sic) again and she gives him a description in detail. She doesn't give Richardson a description, he just takes on the scene reports. He gets the description from her, he does his police work and investigation for three or four weeks, goes out to her house and shows her — and it just so happens they have the defendant's photograph in here. Now, use your common sense — experienced detective just so happens to have the defendant's, Farley, photograph in a group of eight pictures
 "MR. JAFFE (Defense Counsel): We would object to that statement that he just so happens to have the defendant's, Farley, photograph there as tending to put him in jeopardy. We object to that statement, that is prejudicial
"THE COURT: Overruled."
The defendant contends that the only inference that can be drawn from these remarks is that the defendant had a prior criminal record. Argument by the prosecutor unsupported by the evidence which permits the impression that the defendant is guilty of a crime not charged in the indictment is errorRacine v. State, 290 Ala. 225, 275 So.2d 655 (1973); Morelandv. State, 373 So.2d 1259 (Ala.Cr.App. 1979). However, the above remarks are ambiguous and do not automatically convey the clear inference of past criminal activity. The propriety of such remarks must be left within the sound discretion of the trial judge whose judgment will not be reversed unless it appears that there was an abuse of such discretion. Watts v. State,53 Ala. App. 518, 301 So.2d 280 (1974); Evans v. State, 42 Ala. App. 587, 172 So.2d 796 (1965)
 II
The defendant contends that the arguments, remarks and conduct of the prosecutor *Page 1049 
were so prejudicial that he was denied a fair trial
While the conduct and argument of the prosecutor in this case may not warrant our approval or recommendation for emulation by others, the particular instances of conduct and argument in this case do not amount to reversible error. Argument by this particular prosecutor has frequently been the object of alleged error. Roberson v. State, 389 So.2d 144 (Ala.Cr.App.), cert denied, 389 So.2d 151 (Ala. 1980); Merchant v. State,384 So.2d 627 (Ala.Cr.App.), cert. denied, 384 So.2d 632 (Ala. 1980);Chambers v. State, 382 So.2d 632 (Ala.Cr.App.), cert. denied,382 So.2d 636 (Ala. 1980); Earley v. State, 358 So.2d 494
(Ala.Cr.App.), cert. denied, 358 So.2d 501 (Ala. 1978);Richardson v. State, 354 So.2d 1193 (Ala.Cr.App. 1978)
In this case, as in the others above cited, the prosecutor's remarks border on the improper. What we said in Sprinkle vState, 368 So.2d 554, 560 (Ala.Cr.App.), cert. quashed,368 So.2d 565 (Ala. 1978), applies here
 "The appellant argues that the cumulative effect of the prosecutor's trial tactics creates reversible error. We have reviewed each and every allegation of error, including others not listed above, and find that the cumulative effect of these alleged errors does not demand a reversal. Some of defense counsel's objections were not well taken, other objections were not raised at trial or were not timely interposed. In some instances the trial judge sustained defense counsel's objections or instructed the jury to disregard. In other instances a ruling was not secured to the objection or motion. In certain cases the prosecutor's questions were entirely proper or at least within the discretion of the trial judge. In other cases the prosecutor's conduct may have been improper yet not prejudicial to the appellant. Since no single instance of alleged improper conduct constituted reversible error, we do not consider their cumulative effect to be any greater."
 III
The defendant argues that the prosecutor's questions and argument placed the burden of proving the alibi defense upon the defendant
During the course of the State's closing argument, the following occurred:
 "(Assistant District Attorney): . . . And the alibi witnesses, they all got up there — I am not afraid to say it, I will say it in front of them, they lied on the witness stand. You heard their stories, they knew everything about the date and time — they didn't know the day before. Didn't tell the police — here is Mrs. Farley (the defendant's wife) that has all of this important evidence, she was at the unemployment office, no records or anything to show that to you. She is sure he was home. Did she make an effort to contact Sergeant White or anybody in law enforcement the day after he was arrested —
"MR. JAFFE (Defense Counsel): Judge, again —
"MR. GOMANY: — until yesterday in Court?
 "MR. JAFFE: Judge, again, for the record, that statement that Mrs. Farley has made no effort, tends to place the burden of proof on Jimmy Farley, which is unconstitutional. And, we further object on the grounds of that
"THE COURT: All right
"MR. GOMANY: I am putting the burden of proof —
"MR. JAFFE: Do you overrule that?
"THE COURT: Yes
 "MR. GOMANY: I am putting the burden of proof by Ms Farley, if she knew all of this big evidence, why didn't she call the Sheriff's office and look in the phone book or come down and ask — like to come out and see her
"MR. JAFFE: Same objection, same grounds
"MR. GOMANY: But she didn't do that
"MR. JAFFE: — to that about the burden of proof
"THE COURT: All right, Overruled." *Page 1050 
The prosecutor's comments in this case do not amount to an improper argument that the defendant has the burden of proving his alibi defense beyond a reasonable doubt
While the burden of proof never shifts in a criminal case,Ragland v. State, 238 Ala. 587, 192 So. 498 (1939), a prosecutor may comment on the failure of the defendant, who testifies in his own behalf, to produce evidence which would presumably aid him or substantiate his alibi if it were trueHenry v. State, 355 So.2d 411 (Ala.Cr.App. 1978); Holloway vState, 19 Ala. App. 371, 97 So. 376 (1923)
 "In Alabama a defendant is not required to notify the state of an alibi defense. Therefore, in most cases the state has no way of knowing which witnesses would or could testify as to the whereabouts of the accused at the time of the offense in establishing an alibi defense. Indeed, generally the state would not even know of the existence of the alibi defense until such testimony came from the witness stand. Therefore, since the appellant was in a superior position to know of the existence and identity of his alibi witnesses it was not error for the state to comment upon his failure to produce other witnesses whose testimony would presumably aid the appellant or substantiate his story if the story were true. The prosecutor's comments were only a reasonable inference and deduction from the evidence, . . ."
Henry, 355 So.2d at 414
However, where the witness is equally available to the State and the defendant, it is improper for the prosecutor to comment on the failure of the defendant to call the witness. Spears vState, 22 Ala. App. 257, 114 So. 477 (1927)
Here, the defendant's wife testified that she was at the unemployment office in the morning and that when she arrived home the defendant was there. The defendant testified that he had driven his wife to the unemployment office after they had registered their child in school that morning. Both the defendant and his wife testified that they were both home from 11:00 that morning for the remainder of the day. The burglary occurred at approximately 12:00 noon. In cross examining the defendant's wife, the prosecutor proved that she did not have any papers showing that she was at the unemployment office that day and that she could not prove, other than through her own testimony, that she did go to the unemployment office
Even though the "burden of proof" never shifts in a criminal case, the defendant does have the "burden" of producing evidence of his alibi. Ragland, supra
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The defendant has received exceptional representation both at trial and on appeal from his appointed counsel. The judgment of the Circuit Court is affirmed
AFFIRMED
All Judges concur