Larry Bailey, the appellant, was indicted for the capital offense of murder during the course of a robbery as defined in Ala. Code § 13A-5-40(a)(2). The jury convicted him of the lesser included offense of murder and he was sentenced to life imprisonment. He raises two issues on this direct appeal from that conviction.
 I.
The appellant argues that he was entitled to a mistrial due to the following comment made by the prosecutor in closing argument to the jury:
 "[MR. BROWN (deputy district attorney):] This is Darrell's [the victim's] only chance for a fair trial, too. More importantly, only chance for a fair trial for citizens of this community. Find him guilty of felony murder, he is going to go out of here laughing at you.
 "MR. DELGROSSO [defense counsel]: We object to that.
"MR. BROWN: Because he got away.
 "MR. DELGROSSO: We object to it and move for a mistrial.
"THE COURT: Overruled." R. 412. *Page 1183 
Initially, we note that the appellant's general objection and motion for a mistrial preserved nothing for review. "[S]uch expressions as 'I object' or 'we object' or 'objection' are not sufficient to constitute the 'specific objection' necessary to place the trial court in error for overruling an objection . . . [unless] the ground is so obvious, . . . or if the objected-to matter is clearly not proper for any purpose." Sattari v. State, 577 So.2d 535, 537
(Ala.Cr.App. 1990), cert. denied, 577 So.2d 540 (Ala. 1991).
Moreover, even if we assume for purposes of argument that the issue has been preserved for appellate review, we find that the prosecutor's statement that if the jury found the appellant guilty of only felony-murder, the appellant was "going to go out of here laughing at you . . . [b]ecause he got away," was not improper. It comes nowhere close to the comment condemned in Burch v. State, 32 Ala. App. 529,29 So.2d 422 (1946), cert. stricken, 249 Ala. 72, 29 So.2d 425 (1947). In that case, the Court of Appeals stated:
 "It clearly appears that the principle insistence of error . . . is predicated upon the ruling of the trial court in overruling the strenuous objection and exception of defendant to the argument of the solicitor in addressing the jury wherein he stated: 'Counsel for the defendant are trying to make monkeys out of this jury, and they are laughing up their sleeves at you.'
 "It clearly appears that the above quoted statement by the solicitor was wholly unwarranted as not being based upon any fact, incident, or testimony in the case. Its effect necessarily was harmful and prejudicial. The statement cast opprobrium upon the three reputable members of the bar who were, as the law requires, defending their client to the best of their ability, and in an orderly manner, and tended to place them and their client in a very unfavorable light before the jury. This of itself would necessitate a reversal of the judgment of conviction."
Burch, 32 Ala. App. at 530, 29 So.2d at 423. "[A]n attack on opposing counsel should be distinguished from a verbal assault on the accused." Hurt v. State, 361 So.2d 1163, 1166
(Ala.Cr.App. 1978).
In Allen v. State, 462 So.2d 1031, 1035 (Ala.Cr.App. 1984), this Court found "no impropriety in the State's exhortation not to 'let . . . the architect of [the murder] walk.' This comment was nothing more than an appeal for law enforcement, seeFletcher v. State, 52 Ala. App. 303, 307, 291 So.2d 757, 760
(1973)." In this case, the prosecutor's comment did not imply that the appellant would commit other illegal acts in the future and was a legitimate appeal to strict enforcement of the law. Ex parte Waldrop, 459 So.2d 959, 962 (Ala. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985). Here, there was an indication that the appellant "was sitting there smiling, carrying on" during the trial. R. 374. "The conduct of the accused or the accused's demeanor during the trial is a proper subject of comment." Wherry v. State,402 So.2d 1130, 1133 (Ala.Cr.App. 1981) (emphasis omitted). In Jamesv. State, 564 So.2d 1002, 1007 (Ala.Cr.App. 1989), this Court found no error in the prosecutor's comment, "Look at the defendant sitting here smiling after committing the crime."
The trial judge is in the best position to "determine when discussion by counsel is legitimate and when it degenerates into abuse." Hurst v. State, 397 So.2d 203, 208 (Ala.Cr.App.),397 So.2d 208 (Ala. 1981). "The trial judge is in the best position to determine the probable effect of any comments or incidents occurring at trial." General Motors Corp. v.Johnston, 592 So.2d 1054, 1059 (Ala. 1992). We find no abuse of discretion in this instance.
 II.
The appellant objects to the example of felony-murder given by the trial judge in his instructions to the jury.
In instructing the jury on the principles of felony-murder, the trial court related, as an example, the facts of "a case [he] actually tried . . . several years ago." R. 443. Defense counsel objected on the ground that the example was misleading in that it "unduly calls attention to the fact that it was a — one of the participants in the crime, and they *Page 1184 
may be of the opinion that that is the only circumstance in which somebody can be guilty of felony murder if none of their own participants gets killed during the course of the commission of the crime." R. 463.
Although the appellant was charged with the capital offense of murder during a robbery, the evidence was that the victim was actually shot and killed by the appellant's accomplice, James Lewis. Lewis' conviction for murder has been appealed to this Court. See James Anthony Lewis v. State, CR 91-1229 (submitted on briefs April 29, 1993).
Obviously, the jury found the appellant guilty of felony-murder even though the verdict stated only, "We the jury find the Defendant guilty of Murder as charged in the indictment." C.R. 101. Although we do not express approval of the judge's charge, see, for example Cameron v. State,615 So.2d 121, 126 (Ala.Cr.App. 1992) (conviction reversed due to the trial court's hypothetical example which tended to bolster the State's case and to disparage the defense theory of the case), any error was harmless beyond any doubt.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.