(100 So. 564)

WALKER v. STATE. (5 Div. 498.)

(Court of Appeals of Alabama. June 3, 1924.)

1. Criminal law ⬅⬆406(1)—Confession that liquor was accused's properly admitted in evidence.

In a prosecution for manufacturing intoxicating liquor, where a proper predicate was laid, the admission of the accused's statement that certain liquor belonged to him was proper.

2. Criminal law ⬅⬆713—Remark of solicitor in argument held proper.

In a prosecution for manufacturing liquor, a statement of the solicitor that "they are trying to befuddle your minds," etc., was within the bounds of legitimate argument.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Charlton Walker was convicted of distilling, and appeals. Affirmed.

From the bill of exceptions it appears that the solicitor in his argument to the jury said: "They are trying to befuddle your minds," etc. To which the defendant objected and moved to exclude it.

---

Harwell G. Davis, Atty. Gen., for the State.

* No brief reached the Reporter.

BRICKEN, P. J. The defendant was convicted under count 1 of the indictment which charged that he did distill, make, or manufacture alcoholic or spirituous liquors or beverages contrary to law. He was duly sentenced to an indeterminate term of imprisonment in the penitentiary, and appeals.

The appeal rests upon two rulings of the court upon the testimony and an exception reserved to the court's ruling in overruling an objection by defendant to a portion of the solicitor's argument to the jury. No special charges were requested by defendant, and no motion for a new trial was made.

The first exception noted relates to the action of the court in overruling defendant's motion to exclude the testimony of witness J. L. Tew. The objection was not well taken, and the court's ruling in this connection was so clearly free from error it needs no comment.

[1] A proper predicate was laid for the introduction of the confession by the defendant; therefore his statement that the whisky, beer, etc., found there by the searching party, belonged to him was admissible, and the court properly declined to exclude this testimony.

[2] The remark of the solicitor in his argument to the jury, objected to by defendant, was clearly within the bounds of legitimate argument, and the court properly so ruled.

No error appears in the record. The judgment appealed from will stand affirmed.

Affirmed.