LANDRY, Judge.
This case and that of Nesser v. Gage, La.App., 119 So.2d 97, arise out of an automobile accident which occurred at approximately 11:30 A.M., September 28, 1957, on U. S. Highway 190 some two miles south of Covington, Louisiana, when a southbound Ford owned and being operated by plaintiff herein, Alberta W. Gage, collided head on with a northbound Mercury Station Wagon owned and being driven by defendant, W. F. Nesser.
Plaintiff herein, instituted suit against Nesser and State Farm Mritual Automobile *100 Insurance Company (Nesser’s liability insurer) to recover for physical injuries allegedly sustained in the accident. Nesser, his wife, Cora Lee Nesser, and their three minor children, Kenneth J. Nesser, Dennis W. Nesser and Lynn M. Nesser (the wife and children being guest passengers in the Nesser automobile) countered this action by filing suit against plaintiff herein, Alberta W. Gage, to recover for physical injuries and property damages reputedly resulting from the accident in question.
By agreement of counsel for all parties these causes were consolidated for trial purposes as well as appeal. Trial in the lower court resulted in judgment being rendered in favor of defendant Nesser and his insurer rejecting and dismissing plaintiff’s demand against said defendants. Judgment was also rendered against Alberta W. Gage in her capacity as defendant and in favor of W. F. Nesser, individually, in the sum of $4,798.32, in favor of Nesser for the use and benefit of his aforesaid three minor children in the sum of $1,500 each and in favor of Mrs. Nesser in the amount of $1,500.
Appellant Alberta W. Gage has appealed both the judgment rejecting her demands as plaintiff and the judgment awarding damages against her in favor of Mr. and Mrs. Nesser and their children.
In the instant suit the petition of plaintiff Alberta W. Gage in substance alleges she was proceeding southerly along Highway 190 (a paved two lane highway running north and south and consisting of a concrete slab approximately eighteen feet in width with dirt shoulders about six feet wide on either side thereof), in the west or southbound lane of the highway at a speed estimated to be 40 miles per hour when an unidentified vehicle drove onto the highway ahead of her car at a fast rate of speed from a business establishment known as “Three Rivers Inn” situated on the west side of the highway and proceeded southerly along the road. The petition further states that to avoid colliding with this as yet unidentified vehicle, petitioner veered her automobile into the east or northbound traffic lane, applied her brakes and traveled in the northbound lane to the intersection of a side road known as “Charlie Dees Road” (which intersects the highway from the east), at which point her automobile was struck head on by the northbound Mercury traveling in the east or northbound lane and being driven by defendant W. F. Nesser. The charges of negligence lodged against Nesser are that he was traveling at an excessive rate of speed, failure to have his vehicle under proper control, failure to maintain a proper lookout, failure to drive to his right to avoid a collision and failure to avail himself of the last clear chance to avert the accident in question.
Defendant Nesser and his insurer answered plaintiff’s demand denying that Nesser was negligent in any respect whatsoever and alleging that the proximate cause of the accident was plaintiff’s own negligence in driving at an unlawful rate of speed, failing to maintain a proper lookout, failing to keep her automobile under proper control, failing to see the approaching Nesser automobile, driving into the wrong lane of travel directly into the path of the oncoming Nesser automobile and failing to avoid the accident by driving off the highway to her right onto the parking area on the west side of the highway from which the unidentified automobile had emerged.
The alleged negligence of Alberta W. Gage relied upon by Nesser and his insurer in defense of the action brought against them by said Alberta W. Gage is also the foundation of the suit brought by the Nesser family as plaintiffs. As a defense thereto defendant Alberta W. Gage contends the negligence attributed to Nesser was the sole cause of the accident and, therefore, she should be exonerated from liability.
Contrary to the usual course of events in suits of this nature the salient facts are not in serious dispute.
*101 At the scene of the accident Highway 190 is straight and virtually level. The testimony of Alberta W. Gage is substantially to the effect she was proceeding southerly along the highway in the west or southbound lane of travel at a speed of approximately 35 to 40 miles per hour when an unidentified vehicle, headed in a southerly direction, suddenly entered the highway at high speed from either the parking area of an establishment known as Three Rivers Inn situated on the west side of the highway or from a narrow side road immediately to the south of said premises. She was unable to estimate the distance separating her vehicle from the unidentified vehicle at the time the latter suddenly drove onto the highway at a speed which she thought to be approximately 75 to 80 miles per hour. According to her testimony, upon observing the action of the vehicle entering the highway, she swerved to her left into the east or northbound lane, applied her brakes and after traveling a distance in the northbound lane she attempted to regain her proper side of the highway but before she could do so her automobile was struck head on by the Nesser vehicle. Despite the allegation in her petition that the Nesser automobile was traveling at an excessive rate of speed, she testified without equivocation the station wagon was not proceeding at a fast pace at the time of the accident. Her testimony further shows she did not see the oncoming Nesser station wagon and was not aware of its presence as she was completely occupied and absorbed in watching the unidentified vehicle and attempting to avoid a collision therewith. In addition her evidence shows she could have driven onto the parking area from which the unidentified vehicle emerged onto the highway but she did not elect to do so as she had no desire or reason to stop at the Three Rivers Inn.
Glenn Alford, State Trooper, testified he was summoned to investigate the accident and arrived upon the scene approximately 10 minutes after the collision occurred. Neither vehicle had been moved prior to his arrival and he found the vehicles joined together by the force of the impact on the east side of the highway near the south boundary line of the Charlie Dees Road which is a secondary road about 14 feet in width connecting with Highway 190 from the east at a point approximately 150 feet south of the point where the unidentified vehicle entered the highway. Trooper Alford found the Mercury partly on the east shoulder of the highway with the front end thereof projecting into the intersection of the Charlie Dees Road. He also noted the presence of skid marks laid down by the Nesser vehicle in an angling direction toward the east side of the highway which marks were 75 feet in length and continued to the point of impact. He also noted the existence of skid marks approximately 75 feet in length made by the Ford.
The driver- of the Mercury Station Wagon, W. F. Nesser, testified he was traveling at a speed of approximately 50 miles per hour in the east or northbound traffic lane accompanied by his wife and three children. As he approached the Three Rivers Inn an unknown vehicle drove onto the highway from the parking area thereof adjacent to the west side of the highway at a high rate of speed, spinning its wheels, and about 100 feet in advance of the oncoming Gage automobile. He stated there was no reason for plaintiff to veer into the southbound lane for the vehicle which entered the highway from the west did so at a time when plaintiff was still some distance away and there was no danger of plaintiff’s vehicle colliding therewith. According to Nesser, when plaintiff suddenly drove across the highway into the path of his car, she was then only about 150 feet distant and he immediately applied his brakes and directed his automobile toward his right in an attempt to avoid a collision. Nesser was of the opinion the impact occurred south of the intersection of the Charlie Dees Road because he observed the presence of a culvert at the intersection *102 and mentally noted he could not drive any farther to his right for fear of striking the culvert or running into a deep ditch adjoining the east shoulder of the highway. In addition, he stated that, in his opinion, plaintiff had ample time to regain her proper side of the highway but failed to do' so.
In substance the testimony of Mrs. Nes-ser corroborated that of her husband.
Mrs. Robert Retif (wife of the proprietor of Three Rivers Inn) testified she was in the establishment at the time of the collision and was attracted thereto by the squealing of brakes and the noise of the impact. She immediately ran to the scene of the accident and assisted in removing the members of the Nesser family from the station wagon. In general, her testimony corroborates that of Mr. and Mrs. Nesser regarding the point of the collision.
Learned counsel for plaintiff strenuously argued, both in oral argument and in brief, the record shows plaintiff has substantiated her charge of negligence on the part of defendant. We find, however, the record fails to support this contention. From the record it is clear Nesser was traveling at a speed not in excess of 50 miles per hour on a straight, hardsurfaced country road. Although the record does not reveal the maximum legal speed for the area, we feel confidently safe in assuming same to be 60 miles per hour which is the general regulation in effect on open highways. Moreover, as herein previously shown, the testimony of plaintiff herself is to the effect the speed of defendant’s vehicle was neither excessive nor unlawful. We believe the trial court correctly concluded defendant was free of negligence constituting a proximate cause of this accident.
The only other argument advanced by counsel for plaintiff worthy of our consideration is that defendant failed to avail himself of the last clear chance to avoid the accident. In this regard, counsel pitches plaintiff’s entire case on the theory that since defendant observed plaintiff’s vehicle on the wrong side of the highway, defendant should have either driven completely off the highway into the ditch on the east side thereof or into the west or southbound traffic lane which was free of vehicles. Stated otherwise, this position assumes that defendant was negligent in merely applying his brakes and driving only partly onto the shoulder of the highway, whereas, had he elected either of the two aforementioned alternatives, he may have avoided the accident.
We do not believe the doctrine of last clear chance applicable under the circumstances of this case for the reason defendant was faced with an emergency which arose under such circumstances that he did not in fact have an opportunity, from the standpoint of either time or distance, to avoid the accident. For the doctrine of last clear chance to apply, it must appear from the facts of the case under consideration, that the defendant did actually possess an opportunity to adopt evasive measures. In the case at bar only about 200 feet separated the vehicles involved when plaintiff suddenly and unexpectedly swerved her automobile into the path of defendant’s oncoming vehicle. Under such circumstances, defendant had no opportunity to avoid the accident and the doctrine of last clear chance is not applicable.
Assuming arguendo, the principle of last clear chance applies to this case, it can avail plaintiff nothing. Briefly stated, the doctrine of last clear chance holds that when the negligence of a person places him in a position of danger or peril of which he is unaware or from which he cannot extricate himself, even though his negligence continues to the moment of injury, he may, nevertheless, recover from a defendant who either discovered or, by the exercise of ordinary care, should have discovered plaintiff’s peril in time to avoid the injury by the exercise of reasonable pru *103 dence and care. The cases so holding are legion and no citation of specific authority in support thereof is considered necessary.
In accordance with the prevailing rule our jurisprudence holds to the effect that a person discovering another in a position of peril is under a duty to save the latter from injury by the use of ordinary and reasonable care but is only held to that degree of care which should be exercised by a reasonably prudent individual under the circumstances and not to unerring judgment which will prevent injury under any circumstances whatsoever. Myers v. Maricelli, La.App., 50 So. 2d 312; Litton v. Samuel, La.App., 98 So.2d 534.
Stated otherwise, the defendant who discovers (or by the exercise of reasonable care should have discovered), a plaintiff in a situation of danger in time to avoid his injury, although under the legal obligation to use reasonable care and diligence to prevent injury, may not be held liable in damages to the injured party unless he acted unwisely or imprudently under the circumstances shown. If defendant’s reaction to the exigencies with which he is confronted is that of a normally reasonable and prudent individual, he is exonerated from liability to the injured party even though the course of action chosen does not prevent the accident. In such instances a defendant may be held liable under the last clear chance doctrine only if he failed to respond as a person of ordinary reason and prudence and such failure was the cause of the injury sustained.
Applying the foregoing principles to the case at bar, we find that defendant Nesser was faced with an emergency created by plaintiff suddenly veering her automobile into the wrong lane of travel directly into the path of defendant’s oncoming vehicle traveling on its own proper side of the highway at a lawful rate of speed. Considering these circumstances, we are of the opinion defendant acted as a normally reasonable and prudent individual in applying his brakes and directing his vehicle toward his right onto the east shoulder of the highway in an effort to avoid the oncoming Ford which had usurped defendant’s lane of travel. Defendant could not have driven his vehicle any farther to his right because to have done so he would have either driven into the ditch adjacent to the roadway or collided with the culvert he noted at the intersection of the Charlie Dees Road just ahead of his vehicle. Counsel for plaintiff strenuously argues Nesser should have driven into the west or southbound lane and while we concede such a maneuver may have avoided the collision, it does not follow that it would necessarily have done so. It is quite conceivable (and we think highly probable) that had defendant driven into the west or southbound lane his maneuver may have been simultaneous with plaintiff’s decision to regain her proper side of the highway in which event the collision most certainly would have occurred on the west side of the highway instead of the east. In view of the short distance separating the vehicles at the time plaintiff created the emergency in question, we believe the action of defendant, in applying his brakes and driving onto the shoulder of the highway to his right, was that of a normally reasonable and prudent individual under the circumstances existing in this case and defendant was free of negligence in so doing. Having acted as a reasonably careful driver, plaintiff may not recover even under the last clear chance doctrine although defendant’s evasive tactics did not in fact avert the collision.
We are convinced the learned trial judge properly held the negligence of plaintiff Alberta W. Gage to be the proximate cause of the accident involved in this litigation. From the testimony of record, we believe that plaintiff became confused and excited when the unidentified vehicle suddenly darted onto the highway in front of her car and that she lost control of her vehicle when she precipitately drove into the northbound traffic lane directly into the *104 course of travel of the Nesser vehicle. We believe further that plaintiff miscalculated the distance which separated her vehicle from the unidentified third automobile at the time the latter vehicle entered the highway and that, in fact, she was not endangered by the movement of said vehicle. Under the circumstances shown herein, we find the proximate cause of the accident to be plaintiff’s failure to maintain her vehicle under control and failure to maintain a proper lookout since she conceded she did not observe the oncoming station wagon.
For the reasons hereinabove set forth, it follows that the judgment of the trial court rejecting plaintiff’s demand was eminently correct.
Costs of this appeal shall be paid by plaintiff.
Affirmed.