160 So.2d 896

**Carlton CROOK**

v.

**STATE of Alabama.**

**8 Div. 94.**

Supreme Court of Alabama.

Oct. 4, 1962.

Rehearing Denied Jan. 17, 1963.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for petitioner.

Ralph E. Slate and Albert P. Brewer, Decatur, opposed.

MERRILL, Justice.

State's petition for writ of certiorari was granted and the cause was set down for argument. The parties resubmitted on briefs and the case was assigned to the writer in September, 1962.

The single question in the case is concerned with the solicitor's argument to the jury. At one time he said, "You don't listen to some new fangled, *disgusting* theory that springs out from the minds of the imaginative lawyers." Objection to this remark was overruled. A few minutes later he said, "We aren't supposed to tamper around with any kind of *disgusting* new fangled theory." Objection to this statement was also overruled.

The defendant Crook killed his wife by shooting into their dwelling house through the front door. Mrs. Crook was standing in the kitchen at the ironing board and the bullet struck and killed her. He was convicted of second degree murder. The "disgusting" theory was that the Crooks had the week-end habit of drinking and playfully taking shots close to each other, and that Crook should not be convicted because he was drinking and because he was just playing, and therefore, there was an absence of intent and malice.

The Court of Appeals held that the trial court erred in overruling the objections because the argument was directed against defendant's counsel rather than "to the matter at hand."

The Court of Appeals relied upon Taylor v. State, 22 Ala.App. 428, 116 So. 415, and Burch v. State, 32 Ala.App. 529, 29 So.2d 422. In the Taylor case, the solicitor said "they [defense counsel] are laying like vultures to take this case to the Supreme Court." In the Burch case, the solicitor said "Counsel for the defendant are trying to make monkeys out of this jury, and they are laughing up their sleeves at you."

On application for rehearing, the State sought to show that the remarks in the instant case were not grounds for reversal under the case of Little v. State, 34 Ala. App. 114, 39 So.2d 587. The Court of Appeals held that there was a material difference between the Little case and the precedents relied upon in this case. We cannot agree.

Here, the asserted error is the use of the word "disgusting" in connection with the theory argued by counsel for defendant. In addition to the example used by the Court of Appeals—"His failures disgusted him against further efforts", we find five other examples used in Webster's Third New International Dictionary:

**270**

"Your thoughtlessness disgusts me. Disgusted with her careless work. He was disgusted at her answer. Everyone is disgusted by their behavior. Too rich food soon disgusts."

In Little v. State, 34 Ala.App. 114, 39 So.2d 587, the solicitor said:

"It is a disgrace that Mr. Hutson, Mr. Almon, Mr. Russell and Mr. Pettus [defense counsel] would come in and try to get the jury to believe any evidence such as that."

We frequently say or admit that we were disgusted with ourselves, but we seldom, if ever, say that we have disgraced ourselves.

To our mind, the word "disgust" is not nearly so strong as the word "disgrace", regardless of the more or less odious implication. Also, the use of the word "disgusting" in the instant case was not directed at counsel, but at the theories advanced by counsel.

In the Little case, the Court of Appeals stated that the Taylor case, and the Burch case, were "clearly distinguishable" from the Little case, and we agree. We also note that the author of both the opinions in the Taylor and Burch cases also participated in the decision in the Little case and agreed that it was distinguishable from the cases he had written. We think the instant case is governed by the decision in Little.

One of the most prevalent arguments to a jury is that the position and argument of the adversary is unwarranted, silly, fanciful or illogical. We hold the use of the word "disgusting" as here used did not constitute reversible error and for that reason the judgment of the Court of Appeals is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.