304 So.2d 908

**Eddie GEORGE, Jr., alias**

v.

**STATE.**

**6 Div. 674.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

Parker, Wilkinson & Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

TYSON, Judge.

The indictment charged the appellant with the robbery of one Howard Earl Vinson. The Jury's verdict found the appellant guilty as charged and fixed punishment at ten years imprisonment. The trial court then pronounced sentence in accordance with this verdict.

Howard Earl Vinson testified that on October 12, 1972, he was employed by the Jack Kelley Rug Company, located at 2616 Twenty-Ninth Avenue, North, Birmingham, Alabama. He testified that on this date, two black males entered the store and discussed the purchase of a linoleum rug with him. He stated that later that same afternoon the two men again entered the store, and on the second occasion the shorter of the two men, who was identified at trial as being the appellant, threw his arm around his neck and held a hunting knife with a red handle at his throat. The taller of the two men, who was identified as George Jones, was directed to reach into the cash register and remove the proceeds, which he did. Mr. Vinson testified that some $220.00 was taken. Mr. Vinson further stated that the two men retreated to the sidewalk, holding him as they backed out of the store, and that the two men then fled and disappeared into the Bargain Town store across the street.

Mr. Vinson testified that he immediately went back into the store and notified the Birmingham police. Mr. Vinson made a positive in-court identification of the appellant and his companion, and further testified that he identified the two men that same evening by photographs brought to him by Birmingham police officers.

The appellant and his companion were stopped about one-half block away from the Bargain Town store by two United States Marshals, Olin McClendon and James Underwood. They testified that they saw two black males come out of the Bargain Town store and get into an automobile driven by one Michael Phillips, and that they stopped the Phillips vehicle a short distance from the store. They testified that the appellant fled and that his companion, George Jones, was seated on the left rear seat of Phillips' automobile; that they found two knives lying on the rear floor board on either side of the car. A red handle hunting knife was found lying on the right rear floor board where the appellant had been seated.

No evidence was presented in appellant's behalf at trial.

I

As required by law, we have carefully examined this record and find that the State of Alabama did present a prima facie case at trial. However, since there was no motion to exclude the evidence, and no request for the affirmative charge or motion for a new trial, the weight and sufficiency of the evidence are not presented for our consideration. Alexander v. State, 44 Ala.App. 143, 204 So.2d 486, cert. denied with opinion 281 Ala. 457, 204 So.2d 488, cert. denied 390 U.S. 984, 88 S.Ct. 1107, 19 L.Ed.2d 1284, and cases therein cited.

II

During closing argument, the following transpired:

"MR. PICKARD: That is what Eddie George told him and he opened that cash register. That is uncontested, every bit of that.

"MR. CROWDER: I am going to object—now, Your Honor, I am going to object to that line of questioning—being uncontested.

"THE COURT: I sustain the objection. Ladies and gentlemen, I sustain the objection to the language that was employed by the prosecutor in the statement that he has just made. I say to you do not give any consideration to that remark. It is not for your consideration

in determining the guilt or innocence of this defendant."

Appellant's counsel asserts that the foregoing argument by the State constituted a comment on the failure of the appellant to testify at trial, and as such is reversible error.

Recently, this Court, in King v. State, 48 Ala.App. 154, 262 So.2d 764, cert. denied 288 Ala. 744, 262 So.2d 767, in discussing this problem stated:

"Comment on the failure of the appellant to testify in his own behalf is highly improper. This does not mean, however, that the prosecutor may not comment on the character and strength of the State's evidence. Littlefield v. State, 36 Ala. App. 507, 63 So.2d 565. In determining whether the prosecution's statement is a comment on the failure of the appellant to testify, the statement must be viewed in its context and in the light of what has transpired. Broadway v. State, 257 Ala. 414, 60 So.2d 701; Washington v. State, 259 Ala. 104, 65 So.2d 704."

In the case at bar the trial court promptly sustained the objection by appellant's counsel and admonished the jury not to give any consideration to that remark. In addition, the trial court stated:

"It is not for your consideration in determining the guilt or innocence of this defendant."

As may be seen, there was no motion for a mistrial or other objection or motion made by appellant. In view of this, and the trial court's prompt action and instructions, we are of the opinion that error is not here shown. Adair v. State, 51 Ala. App. 651, 288 So.2d 187, and authorities therein cited; Coe v. State, 53 Ala.App. 457, 301 So.2d 223.

 Further, during closing argument, the following took place:

"MR. PICKARD: Like I say, ladies and gentlemen, I fail to see any doubt in this case of this man's guilt but Mr. Crowder is going to have an opportunity to talk to you and he is going to talk to you about reasonable doubt and he is going to cloud the picture—that's his defense.

"MR. CROWDER: I am going to object to that. Your Honor, I'm going to cloud the picture.

"THE COURT: I didn't hear what you said?

"MR. CROWDER: Cloud the picture, he said I am going to cloud the picture. I object to that statement.

"THE COURT: Well, ladies and gentlemen, let me say this to you; what lawyers say to you are not facts; they are arguing their case to you. So if Mr. Pickard says that the defense counsel is going to say this or going to do this or is going to do this and the effect of which is going to be such and such, that's not a fact. That is just a lawyer arguing the case. Give it only that consideration."

Appellant contends that the prosecutor's comment that defense counsel was "going to cloud the picture" was improper in that it was tantamount to charging that defense counsel really knew his client was guilty.

As shown above, the trial court promptly admonished the jury that such was mere argument of counsel and not facts for their consideration. In light of this instruction and the opinion of the Supreme Court of Alabama in Arant v. State, 232 Ala. 275, 167 So. 540, and of this Court in Walker v. State, 20 Ala.App. 27, 100 So. 564, it is our opinion that reversible error is not here shown.

We have carefully examined this record and find no error therein. The judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.