324 So.2d 311

**James Henry JACKSON**

v.

**STATE.**

**6 Div. 895.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

James H. Hard, IV, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for appellee.

**BOWEN W. SIMMONS, Supernumerary Circuit Judge.**

This is an appeal in forma pauperis from a judgment entered pursuant to a conviction for rape. The jury fixed punishment at 25 years.

The alleged offense was consummated in an isolated area. The genesis of the offense was a parking area in a shopping center of Jefferson County. The victim returned to her parked automobile with an armful of sundry merchandise. As she approached her motor vehicle a black male asked her the time of the day which she did not know. He came nearer the automobile with an open knife and commanded her to get in the automobile. She climbed over the console, between the two front seats of the car, from the driver's seat to the passenger side. The rapist then got in the driver's seat and drove to an isolated area. The victim, at the rapist's command, kept her head with face down on the console.

The driver commanded her to get out when they had reached the isolated area. He forced her with threats of fatal injury to get in the back seat (the car had only two doors), but permitted her to get out when she complained of discomfort. He commanded her to get on top of the automobile hood. Prior to this he covered his penis with a prophylactic and made her put it in her mouth. She gagged and that ordeal was discontinued. While on the back seat she began to menstruate and got his shirt bloody. This made him mad; she apologized, and the sexual insertion of his penis took place on the hood.

While the res gestae of the offense at the isolated area was underway, she got a good look at the defendant's face and other physical features. She was able later to identify the defendant as her assailant. She identified a photograph of defendant. She recognized him in a group at a preliminary hearing; also, she made an in-court identification.

It is true that the victim's physical description of defendant to the police varied in some details from his actual measurements, and some other minor details.

■ Such variance was for resolution of the jury. The record supports a positive recognition of the assailant which impressed the jury that defendant was the guilty person. We are unwilling to disturb.

We note here that the defendant did not take the stand. We also note that the details of the rape are very revolting. We have limited a recitation of these details.

The record indicates that appointed counsel who appear on this appeal diligently and faithfully represented the defendant at nisi prius.

Appellant's counsel correctly assert that the only real issue was the identification of defendant as the perpetrator of the crime. At a preliminary hearing some four months after the rape she saw defendant in a crowd and picked him out. This view of him in person confirmed her suspicion that a photograph that she had seen was a likeness of her assailant. She was not positive about the picture until she saw him in person.

On cross-examination, counsel for defendant asked the victim if defendant was handcuffed at the preliminary. The court sustained the State's objection to the question.

■ The scope and extent of cross-examination is addressed to the sound discretion of the trial judge. Title 7, § 443. Recompiled Code, 1958; *Diamond v. State*, 49

Ala.App. 68, 268 So.2d 850(4). We will not revise on appeal unless the exercise of such discretion has been abused. *Jordan v. State,* 267 Ala. 361, 102 So.2d 4(3).

We do not think the trial court abused its discretion in sustaining the State's objection. It does not appear the victim's identification was dependant on the defendant's being handcuffed vel non, or was influenced thereby. She got a good look at him at the time of the rape.

The next contention of error is addressed to the argument of the District Attorney wherein he told the jury: "These people try to muddy the water and confuse things." The prosecutor was referring to defense counsel.

One purpose of cross-examination is to elicit conflicts of the witness' evidence and thereby show that the witness is confused in his evidentiary assessment of facts. This confusion of the witness and the conflicts of his own testimony is colloquially referred to as "muddying the waters" or confusing the jury's evaluation of the testimony. This argument was free of any insinuation that counsel for defendant was guilty of any moral wrong in his representation of his client. We do not charge this argument with prejudicial error. *George v. State,* 54 Ala.App. 90, 304 So.2d 908(3).

We hold that the trial court's rulings were free of error to reverse. We affirm the judgment of guilt.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.