The forty-year old appellant was indicted and convicted for child molestation by fondling the penis of a male child under sixteen years of age. Section 13-1-113, Code of Alabama 1975. The trial judge sentenced the appellant to three years' imprisonment.
Two questions are presented for review on appeal. Both stem from the improper comments of the Deputy District Attorney.
At the time of the crime Jerry was thirteen years old. On July 6, 1977, Jerry, his mother, his sister and her husband were spending the night at the home of his other sister in Woodmere, a residential section of Montgomery, Alabama. The appellant was a friend of the family and also spent the night because he had been drinking and did not want to drive. Terry Castleberry, a friend of Jerry's mother and the appellant, was present during the evening but did not spend the night. Under the state's evidence he was not present when Jerry was assaulted.
Jerry went to bed around ten o'clock that night but the adults stayed up until some time after midnight. They had been in bed only a few minutes when they heard Jerry crying for his mother. Running into his room they found Jerry sitting up in bed and the appellant in the room. Jerry testified that he was awakened by the appellant who had gotten in his bed and begun playing with his penis. The appellant had unbuttoned and unzipped Jerry's trousers while Jerry was asleep. Jerry stated that when the appellant attempted to perform fellatio on him he tried to get up and the appellant slapped him. Jerry then cried out for his mother.
The appellant denied any improprieties with Jerry. He testified that he slapped Jerry because Jerry was going into his mother's bedroom and make her stop sleeping with Terry Castleberry. Castleberry was allegedly in the penitentiary and did not testify.
On July 15, 1977, Detective Steve A. Eiland, investigating a complaint of child neglect against Jerry's mother, interviewed Jerry and those members of his family who were present on July 6th. However no one mentioned the homosexual assault. Only when Detective Eiland returned on July 21st were the details of the crime reported to him.
In rebuttal, Jerry testified that in June of 1977 he had gone to Florida with the appellant and been awakened during the night when the appellant was performing fellatio on him.
The jury found the appellant guilty as charged in count one of the three count indictment and requested that "the court intervene in this family situation to do what may be done in proper placement of the child in a suitable home environment."
 I
The appellant alleges that his motion for a mistrial was due to be granted because the Deputy District Attorney commented on the failure of the appellant to make a statement to the police following his arrest.
Under cross examination by the Deputy District Attorney, the appellant testified that he, together with his attorney and his father, voluntarily surrendered and turned himself in at the police station. Error is predicated on the following exchange.
 "Q. Did you relate to the police at that time that you weren't guilty?
 "A. I signed no statement and answered no questions if that answers your questions — on the advice of my attorney.
 "Q. You refused to answer any questions and refused to sign a statement —
"MR. COLLIER (Defense Counsel): Objection, Judge.
 "THE COURT: Just a moment. Sustain the objection. Mr. Pool, you are out of bounds. The jury will disregard the question and any answer thereto.
 "MR. COLLIER: Judge, at this time we move for a mistrial on the grounds that the silence of the Defendant when he has a right to remain silent is a guaranteed constitutional right and the fact that the District Attorney bringing *Page 1165 
it up is a matter that is so prejudicial that it cannot be erased from the minds of the jury.
"THE COURT: Motion denied."
This court has recently held that the use of post arrest, post-Miranda warnings silence of the accused as evidence of guilt violates the due process clause of both the Federal and State Constitutions. Houston v. State, 354 So.2d 825
(Ala.Cr.App.), cert. denied, 354 So.2d 829 (Ala. 1977). We specifically noted that:
 "Counsel for the prosecution must scrupulously avoid all reference to or use of an accused's assertion of his right to remain silent." Houston, 354 So.2d at 828.
However a comment on or evidence of the post arrest silence of the defendant or his refusal to give a statement may not be ineradicable and may be cured by prompt corrective action by the trial judge. Houston, 354 So.2d 828. This is not "a bell once rung which cannot be unrung", though this is the position advocated by a specially concurring opinion (Jones, J.) with regard to the prosecutor's comment on the failure of the accused to testify at trial. Beecher v. State, 294 Ala. 674,684, 320 So.2d 727 (1975).
Here, defense counsel's objection was sustained and the prosecutor was reprimanded for asking the question. The jury was instructed to disregard the question and any answer. All of this corrective action was taken by the trial judge before any objection was made by defense counsel. The appellant had already responded to one objectionable question before the question finally objected to by defense counsel was interrupted by the trial judge. Ordinarily a belated objection to a question fails to protect a point for appellate review. Loyd v.State, 279 Ala. 447, 186 So.2d 731 (1966); Duff v. State,40 Ala. App. 80, 111 So.2d 621, cert. denied, 269 Ala. 696,111 So.2d 627 (1959).
The substance of the response sought by the prosecutor in the objected to question was already before the jury when objection was made. Generally a defendant cannot complain of the admission of improper evidence where he testifies to the same facts. Moss v. State, 146 Ala. 686, 40 So. 340 (1906); Myers v.State, 40 Ala. App. 617, 119 So.2d 102 (1960).
The granting of a mistrial is authorized only when "there is a manifest necessity for the discharge (of the jury) or when the ends of justice would otherwise be defeated". Section12-16-233, Code of Alabama 1975. It is within the discretion of the judge to determine whether or not these reasons, as fixed by law, really exist. Andrews v. State, 174 Ala. 11, 56 So. 998
(1911); Brewer v. State, 24 Ala. App. 410, 137 So. 454 (1931). On appeal that discretion will not be disturbed unless it has been clearly abused. Shadle v. State, 280 Ala. 379,194 So.2d 538 (1967); Harnage v. State, 49 Ala. App. 751, 274 So.2d 356, cert. denied, 290 Ala. 367, 274 So.2d 356 (1972).
In this case there was no abuse of discretion. The actions of the trial judge were immediate, responsive, conscientious, and deserving of emulation. This matter was not so prejudicial that it could not be erased from the mind of the jury. Therefore the denial of the motion for mistrial was without error.
 II
The appellant also alleges that the trial court committed error to reverse in overruling defense counsel's objection to the prosecutor's accusation in closing argument that defense counsel "dreamed up" the appellant's defense. From the record:
 "MR. POOL (Deputy District Attorney): Lo and behold, after Wayne Collier talks for 15 minutes he comes up with a brand new defense — Allen Hurt was too drunk to form the intent to molest this child. If you believe he went in the bedroom and you believe he unbuttoned the boy's pants and he unzipped them and reached down between his legs, if you believe that then you have got to believe he was too drunk to know what he was doing. Allen Hurt says he was washing dishes and cooking chicken that night. That's what Allen Hurt says and his lawyer dreams up if he *Page 1166 
can form the intent to he can play with that child's genitals.
 "MR. COLLIER: Mr. Pool, will you let me make an objection, please.
"THE COURT: Make your objection.
 "MR. COLLIER: I was trying to. I would try to move to exclude what he said about me making up a defense. It's improper argument and alleging I would do something improper and unethical in defending this Defendant and I object to it.
 "THE COURT: Sustain. The jury will disregard any statement about that.
 "MR. COLLIER: I would also again move at this time for a mistrial in that that type of argument is so prejudicial and inflammatory and denies the Defendant the right for a fair trial.
"THE COURT: Motion denied."
Of all the accusations of dishonesty which may be leveled at opposing counsel during the course of a trial, the most serious is that he has suborned perjury or fabricated a defense for his client. Annotation: 99 A.L.R.2d 508, 577 (1965). The state's counsel should at all times maintain a proper attitude toward the court, the witnesses, the jury and opposing counsel and should abstain from abusive, insinuating or insulting remarks.
 "Prosecuting attorneys, in their zeal to vindicate the law, should not allow the excitement of the occasion, nor the exhilaration incident to success in any case, to lead them, in their arguments to the jury, beyond the domain of legitimate, or permissible, forensic effort." Canty v. State, 238 Ala. 384, 390, 191 So. 260, 265 (1939).
However an attack on opposing counsel should be distinguished from a verbal assault on the accused.
 "The range of a prosecutor's remarks has an important bearing on the extent of their impropriety. When he confines himself to an attack on opposing counsel personally, his remarks may be censurable but they will not usually be held prejudicial to the accused's right to a fair trial."
In Crook v. State, 276 Ala. 268, 160 So.2d 896 (1963), the solicitor's argument that "`You don't listen to some new fangled, disgusting theory that springs out from the minds of the imaginative lawyers'", was held not to constitute reversible error.
 "One of the most prevalent arguments to a jury is that the position and argument of the adversary is unwarranted, silly, fanciful or illogical." Crook, 276 Ala. 270, 160 So.2d 897.
Of similar import was the prosecutor's remark that the defense was trying "to muddy the water and confuse things". This court held that this remark was not an insinuation that defense counsel was guilty of any moral wrong but merely referred to a recognized technique of cross examination and therefore was not prejudicial error. Jackson v. State, 56 Ala. App. 597,324 So.2d 311 (1975). The prosecutor's argument that the defendant's attorney misrepresented the facts and he could prove it was not prejudicial error in Turner v. State, 39 Ala. App. 295,98 So.2d 69 (1957).
A prejudicial atmosphere requiring reversal was created by the cumulative effect of the prosecutor's statements, one of which was that defense counsel knowingly misled the jury which was what he was paid to do. Weaver v. State, 56 Ala. App. 29,318 So.2d 768, cert. denied, 294 Ala. 773, 318 So.2d 772
(1975). Also requiring a reversal was the prosecutor's remark that "counsel for the defendant are trying to make monkeys out of this jury, and they are laughing up their sleeves at you". The court found this statement wholly unwarranted as not being based upon any fact, incident, or testimony in the case and necessarily harmful and prejudicial. Burch v. State,32 Ala. App. 529, 29 So.2d 422, petition for cert. stricken,249 Ala. 72, 29 So.2d 425 (1947). Likewise, it is prejudicial error for the prosecutor, in redirect examination of a witness, to create the impression by insinuation and innuendo, that defense counsel had done an improper and reprehensible act in interviewing a police officer in the course of preparing the defense. Golson v. State, 34 Ala. App. 396, 40 So.2d 725, cert. denied, 252 Ala. 310, 40 So.2d 731 (1949). *Page 1167 
There is no legal standard by which the prejudicial qualities of the improper remarks of a prosecutor in the trial of a case can be gauged. Each case must be determined on its own merits and attendant circumstances. Anderson v. State, 209 Ala. 36,95 So. 171 (1923); Arant v. State, 232 Ala. 275, 167 So. 540
(1936).
There is no doubt that the prejudicial effect of an attack upon opposing counsel may often be cured by an action on the part of the trial judge. Here the trial judge sustained the objection of defense counsel and instructed the jury to disregard the statement. We think this corrective action was sufficient to remove any prejudice present in the objected to remarks. The remarks were not so devastating or improper as to warrant the extreme measure of a mistrial. See case collected at 99 A.L.R.2d 561 et seq.; 6A Alabama Digest, Criminal Law, 730.
We have reviewed the record on appeal and found the trial to have been fair and the record to be without error. Therefore the conviction is
AFFIRMED.
All Judges concur.