Manslaughter in the first degree; ten years.
The evidence presented at trial was without conflict that the appellant shot "Poochie" Campbell, on May 21, 1978. The dispute was whether the appellant shot in self-defense.
The evidence presented by the State indicated that the victim, Willard "Poochie" Campbell, along with the appellant's wife and two children, and others, had been riding in a car in Pritchard, Alabama. When they reached Hale Drive in Pritchard, the appellant approached on a motorcycle. The appellant had a pistol in his hand, and as he neared the car he placed it at the nose of Ulmer Reed, the driver of the car. Appellant told Reed not to move, and then he turned to the side of the car where Campbell was sitting. While the others in the car were trying to get out, appellant fired into the car at Campbell. After shooting *Page 1101 
the victim several times, the appellant left on the motorcycle. According to Ulmer Reed, the victim did not say anything to the appellant prior to the shooting and he did not see the victim with a knife.
Darlene Jarman, who was present in the car at the time of the shooting, stated that the appellant came up to the car with a gun in his hand and shot twice. Ms. Jarman said the victim, Poochie Campbell, took out a knife when the appellant approached the car with a gun.
Detective T.C. James investigated the shooting at the scene. He observed the victim and found a knife in the back seat where the victim was slumped over. At the end of Sgt. James' testimony the State rested its case and the appellant made a motion to exclude the evidence on the grounds that the State had failed to prove a prima facie case.
The appellant testified in his own behalf that the Saturday prior to the shooting, the deceased had threatened to kill him. On the day of the shooting, the appellant said that the victim came at him with a knife before he ever pulled his gun to shoot.
The appellant also presented testimony from several witnesses, including law enforcement officers, who stated that the victim had a general reputation for carrying a knife and he was a violent, dangerous and blood-thirsty individual.
 I
The appellant maintains that the court committed reversible error by not permitting him to show specific incidents illustrating the deceased's habit of "cutting people with a knife." In Shuler v. State, 56 Ala. App. 599, 324 So.2d 313, cert. denied, 295 Ala. 418, 324 So.2d 319 (1975), this court observed that inquiries concerning violent hostile acts by a victim toward someone other than the appellant were not admissible.
In Gamble, McElroy's Alabama Evidence, § 63.01 (3), (3 Ed. 1977) we find the following:
 "In some cases where the accused is relying on self-defense he will want to show that the victim had previously committed specific acts of violence towards other persons and that the accused knew of such acts. The purpose of such evidence will be to show the accused's reasonable apprehension of peril. The general rule is that such evidence is admissible if the person toward whom the violence was directed had a very close connection with the accused such that there would be reasonable apprehension of peril on the part of the accused. It is quite clear that such violence towards other persons is not admissible if it is remote in time or lacks any connection in circumstances with the accused." [Emphasis added]
In the present case, the specific acts shown by the appellant at a hearing out of the presence of the jury, occurred from one to ten years before the shooting in question, and only one incident involved a person who the appellant stated was related to him "a little bit." Therefore, under these circumstances, we believe that the court was correct in not permitting the appellant to show specific incidents of the victim's dangerous and violent nature. The evidence presented was remote in time and lacked any connection in circumstance with the appellant.
 II
The appellant complains that the prosecutor made improper statements in the following portions of his closing argument:
 "MR. COPELAND: * * * Also I submit to you that criminal laws are designed not so much for law abiding citizens of this community, but for people like Poochie Campbell and people like W.T. Weaver that they are going to their own —
 "MR. HOLLOWAY: Judge, I am going to object to that last remark, `People like Poochie Campbell and people like W.T. Weaver,' and I will ask that that be included in the record, as injecting an element of character and things that have not been testified to.
"THE COURT: I will overrule the objection. *Page 1102 
"MR. HOLLOWAY: I move for a mistrial.
 "THE COURT: The Court will deny your motion. This is argument of counsel to the Jury.
 "MR. COPELAND: That's what criminal laws range at, situations like this, and these are the kinds of people it's going to be applied to.
 "MR. HOLLOWAY: Judge, I'm going to object to that again, about `These are the kind of people it's going to be applied to,' and ask that that be included in the record. I again review my objection as to the interjection of character.
"THE COURT: Overruled.
"MR. HOLLOWAY: I move for a mistrial.
"THE COURT: The Court will deny your motion."
In its oral charge the trial court instructed the jury that argument of attorneys was not evidence in the case and that they alone were the sole judges of the facts. From the record:
 "You have heard throughout the trial arguments of the lawyers to you. The opening arguments and the closing arguments of the lawyers to you. The Court will tell you, ladies and gentlemen of the Jury, that the arguments of counsel are not evidence. The evidence in this case comes from the witness stand, from the witnesses who have appeared and from any documentary or any other type of evidence, that the Court has admitted into evidence. If the Court does not admit certain items into evidence, it is not evidence to be considered by you in determining the issues in this case. The lawyers in their closing arguments to you have told you what they believe the evidence was, or showed. They have given to you their recollection of the evidence. They have made certain inferences from the evidence submitted to you. These are inferences from the evidence as they remember the evidence to be. The Court will instruct you that you are the ones who have heard the evidence. If any statement by the attorneys is different from what you recollect the evidence to be, or if they draw inferences from the evidence that you do not draw the same inferences based on the same evidence, then you should abide by your recollection of what the evidence was. You should draw your inferences from the evidence."
We note that at the conclusion of the trial court's instructions the appellant did not announce his dissatisfaction with the above portions of the oral charge but only took exception to a portion of a charge requested by the State, which had no bearing on the contention we are now considering. In our judgment, the instructions covered the alleged prejudicial argument so that error to reversal is not here shown. See George v. State, 54 Ala. App. 90, 304 So.2d 908
(1974).
 III
The appellant alleges that the State's evidence was insufficient to make out a prima facie case of manslaughter in the first degree.
In Wilkerson v. State, 50 Ala. App. 150, 277 So.2d 423, cert. denied, 291 Ala. 802, 277 So.2d 427 (1973), this court defined manslaughter in the first degree as follows:
 "The unlawful and felonious killing of another without malice, express or implied by voluntarily depriving him of life."
See § 13-1-90, Code of Alabama 1975.
Further, although intention to take life is not necessarily an ingredient of manslaughter in the first degree, "there must be either a positive intention to kill, or an act of violence from which, ordinarily, in the usual course of events, death or great bodily injury may be a consequence." Harrington v. State,83 Ala. 9, 16, 3 So. 425 (1887). See Trenor v. State, Ala.Cr.App., 354 So.2d 1180 (1977), cert. denied, Ala.,354 So.2d 1185 (1978).
Therefore, if the evidence presented at trial shows that death was caused by a pistol intentionally fired at the person killed, unless self-defense is proved, the offense *Page 1103 
is either murder or manslaughter in the first degree. Lanier v.State, 43 Ala. App. 38, 179 So.2d 167 (1965).
In the present case, the State's evidence showed that the appellant intentionally aimed a pistol at the victim and fired approximately four shots, three of which hit the victim and killed him. The evidence of whether or not the shooting was justifiable and in self-defense was in conflict and was a question for the jury to determine. Moore v. State, Ala.Cr.App., 364 So.2d 411, cert. denied, Ala., 364 So.2d 416
(1978).
The jury decided the question against the appellant and his conviction of manslaughter in the first degree should be sustained.
We have examined the record and transcript of evidence and have found no error; therefore the judgment of conviction by the Mobile Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.