BOWEN, Judge.
The defendant was indicted and convicted for possession of cocaine in violation of Alabama Code Section 20-2-70(a) (1975). Sentence was three years’ imprisonment. Three issues are argued on appeal.
About one o’clock on the afternoon of April 7, 1981, members of the Gadsden Police Department and the Etowah County Sheriff’s Office executed a search warrant at a personal residence at 1730 Hill Avenue in Gadsden. Seven people were inside the house including Theo Brookins and the defendant.
As the officers entered the residence, some of those people inside started running and Brookins flushed the toilet in the bathroom. The defendant was just standing in the living room.
All the occupants were searched and escorted outside. No contraband was found on the defendant.
James Bills had gone with the defendant to the residence to pick up Brookins to play golf. Bills testified that the defendant asked a police officer if he could “give him that guy’s (Brookins’) jewelry.” The defendant then called Bills over and gave him some jewelry which the defendant said belonged to someone else.
Bills saw a small aluminum package with the jewelry, realized what it was and tried to conceal it in his belt. Immediately, an officer came over and seized the package from Bills.
The package contained cocaine. The defendant was arrested and taken to police headquarters. There, Officer Jimmy Flanagan asked another officer what the street value of the cocaine was. The defendant voluntarily replied, “About $25.”
The defendant was then advised of his rights and signed a written waiver. He told Officer B.J. Alexander that “it belonged to him and that he had had it for a long time.”
The defendant maintained that he had no knowledge of the cocaine and that he was merely delivering Brookins’ jewelry to Bills at Brookins’ request.
I
The defendant has no standing to object to the search of Bills’ person. Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). He had no legitimate expectation of privacy in the area searched. Rawlings held that the accused had no legitimate expectation of privacy in the pocketbook of a third person into which he had placed his goods. The automatic standing rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), was overruled by United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Salvucci represents the law in this regard in Alabama. Collier v. State, 413 So.2d 396 (Ala.Cr.App.1981), affirmed, Ex parte Collier, 413 So.2d 403 (Ala.1982). “(A) court may not exclude evidence under the Fourth Amendment unless it finds that an unlawful search and seizure *289 violated the defendant’s own constitutional rights .... And the defendant’s Fourth Amendment rights are violated only when the challenged conduct invaded his legitimate expectation of privacy rather than that of a third party.” United States v. Payner, 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980).
II
Under the facts contained in the record, any argument that the State’s evidence was insufficient to support the verdict is without merit. Bills testified that the defendant handed him the aluminum package containing the cocaine. Police officers saw the defendant hand Bills something and then observed Bills directly place his hand, or an item, behind his belt. From Bills’ testimony alone there is proof that the defendant actually possessed the drug.
Evidence of the defendant’s knowledge of the presence and nature of the cocaine was established by his own statements. With such direct evidence of knowledge there is no need to resort to circumstantial evidence, inference or supposition. Excluding the case where an accused is observed using a controlled substance, it is difficult to imagine more substantial evidence of the defendant’s guilt.
III
The prosecutor’s comment that the defendant had “a conviction on marijuana” was made “in the presence of but outside the hearing of the jury.” Consequently, there was no prejudice or injury to the defendant.
The prosecutor also argued that the trial was not the first time the defendant had to tell his side of the story; that the defendant “could have written it all down and signed his name to it and given it to the officers or given it to the Judge or given it to us.” This argument was in rebuttal to defense counsel’s remarks that the trial of the case was the first time that the accused had the opportunity to tell his side of the story. The defendant’s argument that the prosecutor’s comment constituted an improper comment on his right against self-incrimination and right to counsel misses its intended mark.
This was not a comment on the post-arrest silence of the defendant or on his refusal to give a statement. Houston v. State, 354 So.2d 825 (Ala.Cr.App.1977). Even improper comments in these areas are not necessarily ineradicable. Hurt v. State, 361 So.2d 1163 (Ala.Cr.App.1978). Here, the defendant gave a statement to the police and testified at trial in his own behalf.
When the comment was made, defense counsel only requested the trial judge to “instruct the jury that the Defendant does not have to make a statement.” The judge complied with that request. The record contains no objection or adverse ruling and therefore nothing is presented for review.
The same attorney represented the defendant at trial and on appeal. He has fought well and hard on behalf of his client. Although he has represented the defendant in a highly competent manner, both the law and the facts are against him.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.