ALMON, Justice.
Certiorari was granted to determine whether the Court of Criminal Appeals, 460 So.2d 1376, erred in not allowing a defendant charged with murder, who raised issues of self-defense, defense of home, and defense of others, to offer evidence that the victim had wounded the defendant’s brother three years earlier by shooting into the defendant’s family residence.
This Court will consider the following facts, which the defendant properly requested under Rule 39(k), A.R.A.P., in addition to the facts stated in the opinion of the Court of Criminal Appeals, the Court having found these additional facts to be correct.
The defendant lived in a house with 17 members of his family in the rural community of Alpine, Alabama. According to the testimony of several persons who were present at the Calhoun home on May 15, 1982, the victim, Nelson Cross, was having a dispute with his girlfriend, Patricia Garrett (Pip), the defendant’s sister and a member of the Calhoun household. Because Cross, who had been drinking that day, repeatedly made offensive, life-threatening remarks to Pip, her father demanded that Cross leave their home. Cross, however, returned to the Calhoun home several times that afternoon and threatened to burn down the house or to kill somebody that night.
On one of those return trips, Cross drove up to the Calhoun house with a pump shotgun conspicuously protruding from the hood of his car. After several of the Calhoun children became alarmed at the presence of this gun, the defendant removed Cross’s gun from the car and placed it inside the Calhoun house.
Although Cross drove away, he returned early that evening, brandishing another shotgun and repeating the same threats of arson and murder to the Calhoun family members who were then present. The defendant stated that he looked out the window of his house and saw Cross walking toward the front porch. Cross was allegedly pointing a shotgun at members of the Calhoun family while making various threats. The defendant immediately turned around, grabbed the pump shotgun from the bed, opened the window, and shot Cross as he was walking up the front steps of the Calhoun house. He testified that when he shot Cross, he thought that Cross was still brandishing the shotgun.
Other eyewitnesses from the Alpine community, who had known Cross for many years, testified that he was a violent man who had gained a reputation in the Alpine community for violence and bloodthirstiness.
During the testimony of Larry Calhoun, a brother of the defendant, defense counsel attempted to elicit evidence from Larry concerning his prior dealings with the victim. The circuit court sustained the objection to this testimony, and defense counsel made the following offer of proof: that approximately three years before Cross’s death, the Calhoun family was living in a mobile home in the same location as their present residence; that Cross fired a shotgun into the mobile home and that Larry was wounded by this shot; that Larry knew that the shot was fired by Cross; and that the defendant, although not present at the time of this shooting, had knowledge of this event.
The defendant asserts that this decision of the Court of Criminal Appeals conflicts with the decision of that court in Weaver v. State, 402 So.2d 1099 (Ala.Crim.App.1981). We agree.
In Weaver, supra, the Court of Criminal Appeals quoted the traditional rule used to determine whether evidence of the defendant’s knowledge of the victim’s violent acts towards others is admissible:
“ ‘In some cases where the accused is relying on self-defense he will want to show that the victim had previously committed specific acts of violence towards other persons and that the accused knew *1380 of such acts. The purpose of such evidence will be to show the accused’s reasonable apprehension of peril. The general rule is that such evidence is admissible if the person toward whom the violence was directed had a very close connection with the accused such that there would be reasonable apprehension of peril on the part of the accused. It is quite clear that such violence towards other persons is not admissible if it is remote in time or lacks any connection in circumstances with the accused.’ ”
402 So.2d at 1101 (quoting Gamble, McElroy’s Alabama Evidence, § 63.01(3) (3rd ed. 1977)).
In Weaver, supra, the Court of Criminal Appeals held that because the specific acts proffered by the defendant occurred up to ten years prior to the shooting in question and because only one incident involved a person even remotely related to the defendant, this evidence was too remote in time or circumstance to warrant admission. 402 So.2d at 1101.
In contrast, Calhoun’s offer of proof clearly satisfied the rule announced in Weaver, supra: 1) Calhoun relied upon pleas of self-defense, defense of others, and defense of home during the trial below; 2) the victim of the former act of violence was Joe Roger’s brother, Larry Calhoun; 3) the presently charged homicide and the former act of violence both involved shootings which occurred at the Calhoun family home; and 4) the three-year interval between these shootings was not so remote as to require exclusion.
We therefore hold that because this evidence should have been admitted at trial, the Court of Criminal Appeals erred in upholding its exclusion.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur.